618 P.2d 1096

**Anthony S. PAWLICKI, III, Plaintiff/Appellee,**

v.

**FARMERS INSURANCE COMPANY, Defendant/Appellant.**

**No. 2 CA–CIV 3594.**

Court of Appeals of Arizona, Division 2.

Sept. 10, 1980.

Rehearing Denied Oct. 8, 1980.

Review Denied Oct. 28, 1980.

Gaynes & Rockafellow, P. C. by Leighton H. Rockafellow, Tucson, for plaintiff/appellee.

Slutes, Browning, Zlaket & Sakrison, P.C. by Eugene F. Zlaket, Tucson, for defendant/appellant.

## OPINION

HOWARD, Judge.

This is an appeal from a superior court order setting aside an arbitration award and ordering a new arbitration proceeding. The issue here is whether the trial court can decline to confirm an award under the Uniform Arbitration Act, A.R.S. Sec. 12–1501 et seq. when it believes that the award is not supported by the evidence and that the arbitrator committed errors of law. We hold that it cannot and set aside the order.

The arbitration proceeding arose out of a claim made by Anthony S. Pawlicki, III, against Farmers Insurance Company under the uninsured motorist provisions of his automobile policy in connection with an accident which occurred when the claimant was injured while riding his motorcycle. Pursuant to the terms of the policy, John Lindberg Esq., was selected by the parties to act as the arbitrator. The claimant alleged that his motorcycle was struck in a hit–and–run automobile accident; the main issue in the arbitration proceeding was whether there was physical contact between the automobile and the motorcycle.

The testimony before the arbitrator was unreported. After hearing all the evidence the arbitrator rendered an award in favor of the insurer.

When the insurer petitioned the trial court to confirm the award and enter judg-

ment thereon, the claimant objected on the grounds that the award was procured by fraud, that there was evident partiality by the arbitrator,[1] that the award did not conform to the evidence, and that the arbitrator had exceeded his power in entering an award for the insurer. The basis of the claimant's contention of fraud was the alleged perjury by Deputy Sheriff John Mello of the Pima County Sheriff's Office. Officer Mello testified at the arbitration hearing, inter alia, that the claimant had admitted to him that his motorcycle had not been struck by another vehicle.

The trial judge ordered a hearing on the opposition to the award. The arbitrator and three other witnesses testified at this hearing.[2] Two of the witnesses, including Officer Mello, had testified at the arbitration hearing. The arbitrator, when asked about the testimony of Officer Mello at the arbitration hearing stated, that he had partially discounted his testimony because he thought that Mello was confused. Much of the examination of the arbitrator and Mello concerned what various witnesses allegedly testified to at the arbitration hearing. Over appellant's objection, appellee was permitted to use a deposition of Officer Mello taken prior to the arbitration hearing but never introduced into evidence at that hearing.

The trial court made the following findings:

"(1) The testimony of Officer John Paul Mello contained the essential and necessary evidence from which the Arbitrator found that plaintiff should not recover.

(2) That said evidence was the admission against interest allegedly made by plaintiff to Officer Mello at the scene of the accident shortly thereafter, and evidence from Officer Mello that plaintiff was indeed at the scene shortly thereafter.

---

1. There was absolutely no proof that the arbitrator had been partial.

2. On the admissibility of the arbitrator's testimony or affidavit to impeach or explain the award, see Annot. 80 A.L.R.3d 155, et seq.

(3) That the testimony offered by Officer Mello though truthful and to his best recollection of the events surrounding his official investigation of the case, was so fraught with error and so contrary to the objective circumstances and ·to make it grossly in error and factually inconceivable and incorrect, and the same should not be considered at all in review of the evidentiary basis for the award.

(4) That Hon. John Lindberg accepted said testimony from Officer Mello in complete good faith and relied on same as the essential and necessary evidence to support his award against plaintiff, but the receiving and utilization of said testimony and evidence was error and the same should have been rejected by the Arbitrator.

(5) Plaintiff is entitled to have the award thus given set aside, and be allowed to a new Arbitration proceedings as in the first instance and as if the proceedings from which this appeal is from had not occurred.

(6) That plaintiff has complied· with the requirements of the *Park Imperial, Inc. v. E. L. Farmer Construction Company* case.

(7) Officer Mello, when called to testify in this matter (in deposition, at Arbitration hearing and at the hearing before this Court) about his investigation, was entitled to and did refer to his said investigative notes and to recall to the best of his recollection the manner and place of his investigation. In this respect, Officer Mello testified before this Court that it was entirely likely that his interrogation of plaintiff was at the said hospital emergency room although his initial recollection was that he interviewed plaintiff at the scene itself.

(8) Plaintiff was seriously injured in the accident in question and was removed from the scene prior to the arrival of Officer Mello, transported forthwith to the emergency room of St. Mary's Hospital, and remained so hospitalized without interruption for several days thereafter.

(9) Officer Mello's interrogation of plaintiff took place soon after the said accident, in St. Mary's Hospital emergency room, and though said interrogation was in compliance with Officer Mello's required accident investigation report, was legally insufficient to constitute an admission against interest by plaintiff because of his then serious physical and medical and emotional impairment and incapacity resulting from the said accident.

(10) The overwhelming evidence offered to this Court through testimony of hospital and medical witnesses indicated that plaintiff's statements to Officer Mello made at St. Mary's Hospital would not support a finding that plaintiff thus resolved the essential issue before the Arbitrator.

(11) There was no evidence, other than plaintiff's said alleged admission against the interest made to Officer Mello, from which the Arbitrator could have resolved the said essential issue at Arbitration against plaintiff." (Emphasis in original)

Inquiry as to the power of the trial court in this matter begins with A.R.S. Sec. 12–1512(A) which states:

"A. Upon filing of a pleading in opposition to an award, and upon an adequate showing in support thereof, the court shall decline to confirm and award and enter judgment thereon where:

1. The award was procured by corruption, fraud or other undue means;

2. There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

3. The arbitrators exceeded their powers;

4. The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of Sec. 12–1505, as to prejudice substantially the rights of a party; or

5. There was no arbitration agreement and the issue was not adversely determined in proceedings under Sec. 12–1502 and the adverse party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award."

■ As was recognized in the case of *Hirt v. Hervey,* 118 Ariz. 543, 578 P.2d 624 (App.1978), the power of the court to set aside an award is confined to the grounds set forth in the statute:

"... Arbitration awards are entitled to finality in all but narrowly defined circumstances such as fraud, corruption, or other prejudicial misconduct. Arizona has substantially adopted the Uniform Arbitration Act, and the grounds for attack of an arbitration award are codified in A.R.S. Sec. 12–1512(A). Our case law makes it clear that an arbitration award is not subject to attack merely because one party believes that the arbitrators erred with respect to factual determinations or legal interpretations. [citations omitted] Apart from questions of fraud or corruption, 'the decisions of the arbitrators on questions of fact *and of law* are final and conclusive, except when they conflict with express guidelines or standards set forth or adopted in the arbitration agreement.'" 578 P.2d at 626. (Emphasis in original)

■ It is abundantly clear from the trial court's findings that it did not base its decision on any of the statutory grounds. It simply substituted its view of the evidence for that of the arbitrator. Appellee seeks to justify the action of the trial court by arguing that the evidence submitted to it showed that Officer Mello perjured himself. We find this argument without merit since the trial court specifically found that the testimony of Officer Mello was "truthful and to his best recollection of the events." Assuming arguendo that appellee had proven that Officer Mello had perjured himself at the arbitration hearing, the trial

court still would not have had grounds for setting aside the award. In *Kirschner v. West Company,* 247 F.Supp. 550 (D.C.Pa. 1965), aff'd 353 F.2d 537 (1965), cert. den. 383 U.S. 945, 86 S.Ct. 1202, 16 L.Ed.2d 1208 (1966), the court quoted from the case of *Karppinen v. Karl Kiefer Mach. Co.,* 187 F.2d 32, 35 (2nd Cir. 1951) which involved an allegation of perjury:

" ' * * * since it necessarily raises issues of credibility which have already been before the arbitrators once, the party relying on it must first show that he could not have discovered it during the arbitration, else he should have invoked it as a defense at that time.'" 247 F.Supp. at 553.

The *Kirschner* court then went on to state as to the factual situation before it:

"Plaintiffs have not attempted to produce any after discovered evidence to establish that the defendant's witnesses testified falsely, rather they rely on the very evidence which was before the arbitrator. They point to certain alleged inconsistencies in the oral testimony of defendant's witnesses and alleged conflicts between oral testimony and writings in evidence as physical exhibits. These matters were all for the arbitrator. Credibility of witnesses is always for the factfinder, and this is especially so when the factfinder is an arbitrator. *Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp.,* supra. If the perjury of defendant's witnesses was as patent as is now claimed, it should have been made apparent to the arbitrator in the proceedings before him. In effect, what plaintiffs are now asking me to do is to substitute my judgment for the arbitrator's as to the credibility of witnesses who appeared before him, and beyond that, to conclude not only that the testimony of defendant's witnesses should not have been accepted as true and accurate, but that it was deliberately false...." 247 F.Supp. at 553.

*Kirschner* concluded that the arbitrator's determination suffered from none of the defects which were enunciated in 9 U.S.C.A.

Sec. 10(a), which is essentially the same as A.R.S. Sec. 12–1512(A).[3]

In *Burchell v. Marsh*, 17 How. (58 U.S.) 344, 15 L.Ed. 96 (1854) the Supreme Court of the United States stated:

"Arbitrators are judges chosen by the parties to decide the matters submitted to them, finally and without appeal. As a mode of settling disputes it should receive every encouragement from courts of equity. If the award is within the submission, and contains the honest decision of the arbitrators, after a full and fair hearing of the parties, a court of equity will not set it aside for error either in law or fact. A contrary course would be a substitution of the judgment of the *Chancellor* in place of the judges chosen by the parties, and would make an award the commencement, not the end, of litigation." 17 How. (58 U.S.) 344, 15 L.Ed. at 99. (Emphasis in original)

The order setting aside the arbitration award is vacated and set aside and the case is remanded to the trial court with instructions to confirm the award and enter judgment in favor of appellant.

HATHAWAY, C. J., and RICHMOND, J., concur.

---

**3.** On the issue of vacation of an arbitration award because the award was procured by corruption, fraud or undue means within the meaning of 9 U.S.C.A. Sec. 10(a), see 20 A.L.R. Fed. 295 at 318 et seq. See also, *In re Rosenberg*, 180 Misc. 500, 41 N.Y.S.2d 14 (1943); *In re E.A. Laboratories*, Misc., 50 N.Y.S.2d 222 (1944); 6 C.J.S. Arbitration Sec. 152b.