IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

DEC 12 2008

COURT OF APPEALS
DIVISION TWO

FIA CARD SERVICES, N.A.,     )
                                         )        2 CA-CV 2008-0075
             Plaintiff/Appellee,   )        DEPARTMENT B
                                         )
             v.                      )        O P I N I O N
                                         )
DOUGLAS B. LEVY,           )
                                         )
             Defendant/Appellant.  )
                                         )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C20080117

Honorable Paul E. Tang, Judge

AFFIRMED

Fulton Friedman & Gullace LLP
  By Cynthia L. Fulton                                   Phoenix
                                 Attorneys for Plaintiff/Appellee

Douglas B. Levy                                      Tucson
                                   In Propria Persona

V Á S Q U E Z, Judge.

**¶1** Appellant Douglas Levy appeals from the trial court's judgment confirming an arbitration award in favor of appellee FIA Card Services, N.A., formerly known as MBNA America Bank, N.A. (hereinafter FIA), and its denial of his cross-motion to compel arbitration. For the following reasons, we affirm.

## Facts and Procedural Background

**¶2** The underlying facts are undisputed. In September 2002, Levy opened a credit card account with FIA. The credit card agreement contained an arbitration clause that required all claims and disputes to be resolved through arbitration before the National Arbitration Forum (NAF). A dispute arose concerning the amount Levy owed on the credit card. In February 2007, Levy paid $4,939.87, which he believed was the correct amount owed. He refused to pay the remaining balance of $3,861.55.

**¶3** FIA filed an arbitration claim against Levy with the NAF, serving him a notice of the claim by mail on April 11, 2007. Levy failed to respond to this notice, and a second notice was sent on June 29, which informed him he had fourteen days within which to respond. NAF received Levy's response on July 16, 2007. On July 30, the arbitrator issued an award in FIA's favor in the amount of $3,861.55.

**¶4** In January 2008, FIA filed an Application to Confirm Arbitration Award in the Pima County Superior Court. Levy opposed the application and filed a cross-motion to compel a second arbitration, arguing the first had been a "sham." After a hearing, the trial court concluded Levy had failed to prove any of the grounds upon which a court may vacate

2

an arbitration award under A.R.S. § 12-1512, granted FIA's motion to confirm the award, and denied Levy's cross-motion. This appeal followed. We have jurisdiction pursuant to A.R.S. §§ 12-2101(B) and 12-2101.01(A)(6).

**Discussion**

**¶5**        On appeal, Levy contends the trial court erred by confirming the arbitration award, claiming it was procured by "undue means" under § 12-1512(A).[1] He argues that he was "wrongfully denied" an opportunity to fully participate in the arbitration proceedings because "basic fairness in arbitration precludes the denial of an arbitration hearing if a party is but one day late in filing a response." We review a trial court's confirmation of an arbitration award for an abuse of discretion. *Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co.*, 180 Ariz. 148, 150, 882 P.2d 1274, 1276 (1994). But whether the court correctly interpreted a statute is a legal question that we review de novo. *See Brake Masters Sys., Inc. v. Gabbay*, 206 Ariz. 360, ¶ 4, 78 P.3d 1081, 1084 (App. 2003).

---

[1]Although Levy suggests his right to an arbitration hearing under A.R.S. § 12-1505 was violated and for that reason alone the trial court should not have confirmed the arbitration award, he has failed to develop this argument, and it is therefore abandoned. *See* Ariz. R. Civ. App. P. 13(a)(6) (argument shall contain appellant's contentions with citations to authorities); *Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, ¶ 50, 977 P.2d 807, 815 (App. 1998) (appellate court does not consider contentions unsupported by authority). In any event, as we discuss below, because Levy's response was untimely he was not entitled to a "participatory hearing."

3

¶6          A trial court may only refuse to confirm an arbitration award on the grounds

set forth in § 12-1512(A).  *Id.* ¶ 11; *Pawlicki v. Farmers Ins. Co.*, 127 Ariz. 170, 173, 618

P.2d 1096, 1099 (App. 1980).  These grounds include the following:

>           1.  The award was procured by corruption, fraud, or other
> undue means;
>
>           2.  There was evident partiality by an arbitrator appointed
> as a neutral or corruption in any of the arbitrators or
> misconduct prejudicing the rights of any party;
>
>           3.  The arbitrators exceeded their powers;
>
>           4.  The arbitrators refused to postpone the hearing upon
> sufficient cause being shown . . . or refused to hear evidence
> material to the controversy or otherwise so conducted the
> hearing . . . , as to prejudice substantially the rights of a party;
> or
>           5.  There was no arbitration agreement and the issue was not
> adversely determined in proceedings under [A.R.S.] § 12-1502
> and the adverse party did not participate in the arbitration
> hearing without raising the objection . . . .

§ 12-1512(A).  Levy seems to argue that the denial of what he characterizes as his rights of

participation in the arbitration—the right to be present, conduct discovery, receive notice

of the hearing date and arbitrator, and participate in the hearing—constitutes "undue means"

for purposes of § 12-1512(A)(1).

¶7          Arizona courts have not determined what constitutes "undue means" under

§ 12-1512(A).  However, we adopt the interpretation of the federal courts that have

considered its meaning in relation to 9 U.S.C. § 10, the federal analog of our statute.  *See*

*Pawlicki*, 127 Ariz. at 174, 618 P.2d at 1100.  Such courts have "uniformly construed the

term undue means as requiring proof of intentional misconduct." *PaineWebber Group, Inc. v. Zinsmeyer Trusts P'ship*, 187 F.3d 988, 991-94 (8th Cir. 1999) (collecting cases; party's erroneous assertion documents were privileged not undue means); *see also A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1403-04 (9th Cir. 1992) (undue means "clearly connotes behavior that is immoral if not illegal" and does not include "sloppy or overzealous lawyering"); *Amer. Postal Workers Union, AFL-CIO v. United States Postal Serv.*, 52 F.3d 359, 362 (D.C. Cir. 1995) (undue means requires action by arbitrating party "equivalent in gravity to corruption or fraud"); *Shearson Hayden Stone, Inc. v. Liang*, 493 F. Supp. 104, 108 (N.D. Ill. 1980) (undue means "requires some type of bad faith in the procurement of the award"), *aff'd*, 653 F.2d 310 (7th Cir. 1981). There is nothing in the record before us to support Levy's argument that either the denial of his participation in the arbitration process or the award itself was the product of undue means.

¶8        Levy nevertheless argues that it is "Draconian" and "remarkably unfair" for the arbitration to proceed in accordance with Rule 36 of the NAF Code (the Code) merely because his response was untimely.[2] But when Levy entered into the original contract with

[2]Levy cites two cases, *Brown v. Dillard's, Inc.*, 430 F.3d 1004 (9th Cir. 2005), and *Wages v. Smith Barney Harris Upham & Co.*, 188 Ariz. 525, 937 P.2d 715 (App. 1997), but neither case supports his position. He cites *Brown* in support of his argument that an arbitration forum is required to take measures to ensure the defendant is affirmatively choosing not to participate in the arbitration. But *Brown* only stands for the proposition that a party may not initially refuse to participate in arbitration proceedings and later attempt to compel arbitration under the arbitration contract. 430 F.3d at 1009-10. And, although the court in *Wages* considered the panel's striking of Smith Barney's defense as proof of evident partiality, this inference was permissible only under the unique facts of the case which

FIA, he agreed to be bound by the Code. *See Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 57-58 (1995) (contracting parties may specify rules under which arbitration will be conducted). Thus, to the extent the Code differs from Arizona's rules of procedure for arbitration, it controls. *Id.*; *see generally* Ariz. R. Civ. P. 72 through 77.

¶9            Rule 9(C) of the Code specifically provides, "[t]he time periods established in this Code are to be strictly enforced and a Party's untimely . . . Response . . . may be denied solely because it is untimely." Under the Code, a party may be given an extension of time to file a response if a request for an extension is made five days before the end of the time period, but if the response is not timely filed, the arbitration may proceed through the summary procedures outlined in Rule 36. *See* NAF Code Rules 5, 9(D). Rule 36 provides, in pertinent part, as follows:

> (A)    An arbitrator may issue an Award or Order when any Party has failed to respond, appear, or proceed at a Hearing, or otherwise defend as provided in this Code.
>
> (B)    If a Party does not respond to a Claim, an Arbitrator will timely review the merits of the Claim for purposes of issuing an Award or Order. . . .
>
> (C)    An Arbitrator may require an Affidavit, information, or Documents from Parties who have appeared or conduct a Hearing to Receive evidence necessary to issue an Award or Order. . . .

---

suggested the panel was biased, and it explicitly did not determine whether striking the defense was otherwise justified on the merits. 188 Ariz. at 533, 937 P.2d at 723.

> (D) Each party making an Appearance shall be provided notices relating to a Hearing.
>
> (E) No Award or Order shall be issued against a Party solely because that Party failed to respond, appear or defend.

Thus, under the Code, if a party fails to respond, the arbitrator must timely review the claim and may issue an award without a hearing. If the arbitrator conducts a hearing, only those parties who have responded are entitled to notice.

¶10 When Levy failed to respond to the first notice of claim in accordance with Rule 7(c) of the Code, NAF sent him a second notice in accordance with its stated procedures. Levy does not dispute that NAF received his response on July 16, three days after the time permitted; nor does he assert that he requested an extension of time to file it. NAF did not proceed against Levy until after he failed to timely respond to the second notice.

¶11 Although Levy also argues there was "evident partiality" by NAF towards FIA, as the trial court noted, under § 12-1512, evident partiality by the arbitration forum is not a ground for vacating an arbitration award. *Brake Masters*, 206 Ariz. 360, ¶ 11, 78 P.3d at 1085 (court may only vacate arbitration award under circumstances listed in statute). *Pawlicki*, 127 Ariz. at 173, 618 P.2d at 1099 (power of court to set aside award confined to grounds in § 12-1512(A)). Under that particular provision in the statute, an award may be vacated only if the challenging party shows evident partiality by the arbitrator. § 12-1512(A)(2). And to the extent he is also arguing the arbitrator was partial, for the reasons

noted above, we reject that argument as well. *See* § 12-1512(A)(1). Levy has not produced any additional evidence beyond the ruling itself which would permit any inference of bias.[3] *See Wages v. Smith Barney Harris Upham & Co.*, 188 Ariz. 525, 533, 937 P.2d 715, 723 (App. 1997) (where ample evidence of partiality exists, panel's striking of defendant's defense further evidence of such partiality). We therefore cannot say Levy has proven any grounds on which the arbitration award may be vacated. *See* § 12-1512(A).

¶12        In sum, Levy had ample notice that a claim had been filed against him, and he was informed of the potential consequences of failing to respond in a timely manner. He nonetheless failed to file a timely response. Therefore, having failed to timely appear in the action, he was not entitled to a participatory hearing, notice of the selected arbitrator, or to conduct discovery. *See also* NAF Code Rule 26 (selection of participatory hearing must be filed within fifteen days after response filed);[4] Rule 29 (discovery begins after response filed). The arbitrator acted well within his discretion by proceeding summarily under NAF Code Rule 36, and there is no evidence of partiality by the arbitrator in exercising that

---

[3]Levy cites newspaper articles, a book entitled "Consumer Arbitration Agreements," and pending litigation involving other parties as evidence of bias. But such evidence is hearsay and not proper evidence for this court to consider. *See* Ariz. R. Evid. 801 (hearsay is out-of-court statement offered to prove truth of matter asserted), 802 (hearsay inadmissible unless otherwise excepted); *see also Larez v. City of Los Angeles*, 946 F.2d 630, 642 (9th Cir. 1991) (assertions in newspaper article inadmissible hearsay).

[4]Levy filed a request for participatory hearing with his response, but because his response was late, the request for participatory hearing was moot. And, in any event, the request did not comply with the requirements of Rule 26(B).

8

discretion. Thus, the trial court did not abuse its discretion in confirming the arbitration award.

**Disposition**

¶13      We affirm for the reasons stated above.


_____
GARYE L. VÁSQUEZ, Judge

CONCURRING:


_____
PETER J. ECKERSTROM, Presiding Judge


_____
JOSEPH W. HOWARD, Judge