STARING, Presiding Judge:
¶ 1 Alfred Shadid filed a petition for special action in superior court seeking an order compelling the director of the Arizona Department of Corrections (ADOC) to recalculate his term of community supervision under A.R.S. § 13-603(I)-(J). The trial court denied relief and Shadid appeals from that decision. For the reasons that follow, we affirm.
Factual and Procedural Background
¶ 2 Shadid is an ADOC inmate who completed his terms of imprisonment for two felonies committed in 1996, but is now serving a term of community supervision in prison after violating the terms of his release. See A.R.S. § 31-402(C)(5)(b).[1] In February and April 2017, Shadid filed two similar petitions for special action in the superior court, seeking a writ of mandamus compelling ADOC to recalculate his term of community supervision. The court consolidated the two actions, and ultimately concluded ADOC's calculations were correct and denied relief. This appeal followed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).[2]
Discussion
¶ 3 Where the superior court exercises special-action jurisdiction, its denial of relief is reviewed for an abuse of discretion. Files v. Bernal , 200 Ariz. 64, ¶ 2, 22 P.3d 57 (App. 2001). An error of law is an abuse of discretion. Id.
¶ 4 The law imposes a mandatory term of community supervision of one day for every seven days of a sentence imposed for a felony conviction. § 13-603(I). Shadid's term of community supervision is determined according to the version of the statute in effect in *162 1996, when he committed his offenses. See A.R.S. § 1-246. In 1996, § 13-603(J) provided in relevant part that "[t]he court shall round the term of community supervision imposed," expressing the term "only ... in increments of years or months," and that "all fractions of the month may be increased or decreased to the nearest month." 1995 Ariz. Sess. Laws, ch. 199, § 2.
¶ 5 Shadid argues on appeal, as he did below, that where the sentencing court is silent about rounding, ADOC does not have authority to "increase" a term of community supervision by rounding to the nearest month. He also argues that the "rule of lenity"[3] requires rounding down under these circumstances, and that it violates his right to due process to make "the rounding decision" other than in "open court, ... subject to adversarial testing." We disagree.
¶ 6 We conclude that ADOC properly calculated Shadid's term of supervision imposed by the trial court.[4] The version of § 13-603(J) in effect in 1996 unambiguously requires rounding to the nearest month, and uses the word "may" only in clarifying that fractional months "may be" rounded either up or down "to the nearest month." 1995 Ariz. Sess. Laws, ch. 199, § 2. We will not construe this term to contradict the surrounding statutory text. See State v. Superior Court (Kerr-McGee Corp. ), 113 Ariz. 248, 249, 550 P.2d 626, 627 (1976) (law interpreted to avoid rendering any text "superfluous, void, contradictory, or insignificant"). Because the plain language of the statute unambiguously leads to only one correct result, the rule of lenity is inapplicable. And, ADOC did not usurp any judicial authority in correctly and precisely calculating, by ministerial act, the term pronounced by the court where the court did not describe that term with exact precision. See A.R.S. § 31-201.01(A) (requiring ADOC to "hold in custody all persons sentenced ... under the law ... for the term directed by the court"); El Paso Nat. Gas Co. v. State , 123 Ariz. 219, 221, 599 P.2d 175, 177 (1979) ("Judicial acts ... are ones of discretion or judgment, whereas ministerial acts leave nothing to discretion for the duty and manner of performance are described with certainty."). The superior court therefore did not abuse its discretion in denying relief.[5]
Disposition
¶ 7 We affirm the superior court's order denying relief on Shadid's petition for special action.

Although this provision has been amended and renumbered since Shadid committed his offenses, the revisions are immaterial to the disposition of this appeal. We therefore cite the current version of the statute.

Shadid also filed a motion below challenging the imposition of a second filing fee, claiming the superior court misplaced his first petition for several months before filing it on the same day as his second petition. He filed a separate notice of appeal from the court's denial of that motion. On appeal, he briefly mentioned the duplicate fee in his factual recitation and requested relief in his reply, but did not cite any authority or develop any argument on this point. Accordingly, the issue is waived. See FIA Card Servs., N.A. v. Levy , 219 Ariz. 523, n.1, 200 P.3d 1020, n.1 (App. 2008) (failure to develop argument on appeal constitutes abandonment); Nelson v. Rice , 198 Ariz. 563, n.3, 12 P.3d 238, n.3 (App. 2000) (argument not raised in opening brief waived).

The rule of lenity is a principle of statutory construction that requires resolving statutory ambiguity in favor of a defendant after all other methods of statutory construction have failed. State v. Bon , 236 Ariz. 249, ¶ 13, 338 P.3d 989 (App. 2014).

Shadid also complains, in connection with his due process argument, that ADOC added thirteen days to the date his term was originally scheduled to end. Because he relied on this date in his calculations below, he is precluded from challenging it now. See Fendler v. Phx. Newspapers Inc. , 130 Ariz. 475, 478 n.2, 636 P.2d 1257, 1260 n.2 (App. 1981) (appellant precluded from raising argument for first time on appeal).

To the extent Shadid contends the former statute itself was unconstitutional, this argument appears for the first time in his reply brief, and is thus waived. See Nelson v. Rice , 198 Ariz. 563, n.3, 12 P.3d 238, n.3 (App. 2000).