NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

NANCY BERENT, *Plaintiff/Appellant,*

*v.*

GRAZYNA MROCZKOWSKA, et al., *Defendants/Appellees.*

No. 1 CA-CV 22-0721
FILED 1-4-2024

---

Appeal from the Superior Court in Maricopa County
Nos. CV2016-095220, CV2017-052655,
LC2018-000464-001, LC2021-000100-001
The Honorable Melissa Iyer Julian, Judge
The Honorable Sara Agne, Judge

**AFFIRMED**

---

APPEARANCES

Nancy Berent, Surprise
*Plaintiff/Appellant*

Jennings Haug Keleher McLeod LLP, Phoenix
By Joseph A. Brophy
*Counsel for Defendant/Appellee Bell West Ranch Homeowner's Association, Inc.*

Brockway Law Office, P.C., Phoenix
By Debra S. Brockway
*Counsel for Defendant/Appellee Mroczkowska*

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

**B R O W N**, Judge:

**¶1**        Plaintiff Nancy Berent appeals the superior court's judgments confirming an arbitrator's award ("Award") that dismissed her claims involving a dispute with her neighbors.  Because Berent agreed to resolve the dispute through binding arbitration, and the superior court did not abuse its discretion in rejecting her subsequent efforts to vacate the arbitration Award against her, we affirm.

**BACKGROUND**

**¶2**        In 2017, Berent filed suit against her neighbors, Grazyna and Marta Mroczkowska, as well as the Bell West Ranch Homeowner's Association, Inc. ("Bell West"), collectively ("Defendants").[1]  Berent alleged the Mroczkowskas' "illegal driveway extension" violated restrictive covenants.

**¶3**        After several years of litigation, and shortly before the scheduled jury trial, Berent's attorney filed a motion to withdraw, which the superior court granted.  Berent filed an expedited request for a court-appointed arbitrator, explaining it would not be possible to hire new counsel with only two weeks to prepare for trial.  At the final trial management conference that same day, Berent confirmed her request for court-appointed arbitration.  The superior court deferred ruling on the motion, explaining that the parties needed the opportunity to consider their options and noted the possibility of participating in the court's Certified Arbitrator Program ("Program").[2]

---

[1]        Berent's son is listed as a plaintiff in the complaint, but he is not a party to this appeal.

[2]        The superior court established the Program "to make court operations and procedures more efficient and responsive to litigants during

¶4      At a status hearing the following week, after discussing potential arbitrators and scheduling, the court indicated it would refer the case to the Program and appoint Judge Kenneth Fields (retired) as the arbitrator. A minute entry confirming the appointment promptly followed.

¶5      Several days later, Berent filed a motion asking the court to order Bell West to file a "counterclaim" against its statutory agent and the Mroczkowskas. Berent acknowledged she had "requested binding arbitration" but stated she "cannot do any arbitration" until Bell West "sues their attorney for legal malpractice." The court denied the motion, explaining that Berent had stated "no grounds for any objection" to the arbitrator, who was appointed "in large part" based on Berent's request. The court confirmed its order referring the case to the Program and explained that Berent "cannot compel another party to file counterclaims."

¶6      Berent did not meaningfully participate in the arbitration proceeding. She did not comply with the arbitrator's order that she disclose a list of exhibits and witnesses, nor did she cooperate with Defendants to prepare a joint prehearing statement. On February 22, 2022, the arbitrator held a scheduling conference via "Zoom video conference," but Berent did not attend. Given Berent's non-cooperation and failure to comply with orders, the arbitrator ruled that she was "precluded from calling any witnesses or offering any exhibits" at the arbitration hearing to be conducted via Zoom on March 24, 2022; however, she would still be permitted to present an "oral statement" regarding her case. On March 4, Berent filed a motion stating that she was "waiting for MRI reports and a diagnosis prognosis for next month on bed rest," but it is not clear what relief the motion was seeking. Soon after, she requested a continuance of the arbitration hearing because "[s]he cannot talk in [a] Zoom meeting from bed . . . due to [an] injury that was not foreseeable."

¶7      The arbitrator denied her request for a continuance, after noting that video clips provided by defense counsel showed Berent "operating her motor vehicle and picking up items from her driveway on the date and time she claimed to be bed-ridden" and unable to appear for

the [COVID 19] public health emergency." *See* Maricopa Cnty. Super. Ct., Admin. Order No. 2021-106 ("Order"). The Order provides that parties "may stipulate that the results of the arbitration will be binding, meaning no party may appeal or collaterally attack the binding award except as allowed by A.R.S. § 12-1501 et seq." *Id.* at F.

the scheduling conference. The arbitrator found Berent was not "credible due to her past misleading and false assertions."

**¶8** Berent did not attend the arbitration hearing, and the arbitrator concluded that Defendants prevailed on all claims because Berent had failed to meet her burden of proof.

**¶9** On April 4, 2022, the arbitrator entered the Award in favor of Defendants. Two days later, Berent moved to vacate the Award, which the superior court denied, finding that the Award "is binding in this matter, meaning no Party may appeal or collaterally attack [it] except as otherwise provided by law."

**¶10** The superior court later enforced the Award by entering final judgments in favor of Defendants. Berent moved to set aside these judgments and requested a new trial, asserting she never signed an agreement consenting to binding arbitration, and the arbitrator "denied [her] a necessary medical continuance." The superior court denied these motions in unsigned minute entries in September and October 2022. Over the next few months, Berent filed four notices of appeal.[3] This court stayed the appeal until the superior court entered signed minute entries memorializing its prior rulings denying Berent's post-judgment motions, and we have jurisdiction under A.R.S. 12-2101(A)(1).

## DISCUSSION

**¶11** Berent argues the Award should be vacated because she did not consent to binding arbitration through a *written* agreement. But she did not raise this argument in the superior court at any time before the Award was issued, and in any event, her argument is precluded by the invited error doctrine. *See Sunland Dairy LLC v. Milky Way Dairy LLC*, 251 Ariz. 64, 70, ¶ 24 (App. 2021) ("By the rule of invited error, one who deliberately leads the court to take certain action may not upon appeal assign that action as error.") (citation omitted). Berent filed a request for a court-appointed arbitrator, which she confirmed at the final trial management conference in open court before the judge and acknowledged in a subsequent motion. Because Berent expressly requested that the court refer the case to binding arbitration, she cannot challenge that ruling on appeal. *See Forszt v.*

---

[3]    Although the notices of appeal referenced four different cases, Berent's brief only addresses issues arising from Maricopa County Superior Court No. CV2017-052655.

*Rodriguez*, 212 Ariz. 263, 265, ¶ 9 (App. 2006) (noting that an appellate court may affirm the trial court's ruling for any reason supported by the record).

¶12        Berent also argues the arbitrator abused his discretion by denying her request for a continuance despite her illness, and therefore the judgments should be vacated. We review the superior court's confirmation of an arbitration award for an abuse of discretion. *See FIA Card Services, N.A. v. Levy*, 219 Ariz. 523, 524, ¶ 5 (App. 2008).

¶13        The superior court denied all relief Berent sought, noting the Award "is binding in this matter, meaning no Party may appeal or collaterally attack the Award except as otherwise provided by law. [Berent's] filings that succeed the Award provide no legal grounds for an appeal or collateral attack on the binding Award." As noted, the Order establishing the Program states that before a Certified Arbitrator conducts a hearing, the parties may stipulate that neither of them "may appeal or collaterally attack the binding award except as allowed by A.R.S. § 12-1501 et seq." One of the exceptions under the statute is that a party may challenge an arbitration award in superior court for the arbitrator's refusal "to postpone the hearing upon sufficient cause being shown." A.R.S. § 12-1512(A)(4).

¶14        Berent arguably challenged the Award under this "sufficient cause" ground based on her claimed inability to participate in the arbitration hearing. *See id.* Berent's request for a continuance due to medical issues asserted that she would not be able to talk via Zoom "from bed . . . due to [an] injury that was not foreseeable." But none of her filings with the arbitrator included any documentation of such an injury, nor did they explain what the injury was, when she sustained it, or why it prevented her from participating by videoconference. Thus, Berent has not shown there was sufficient cause to postpone the arbitration proceedings. And because she has not asserted any other ground under § 12-1512(A) as a basis for challenging the Award, it is not subject to appeal or collateral attack. *See* Order at (F).

¶15        Finally, Berent argues the arbitrator lacked authority to award attorneys' fees. The arbitrator awarded attorneys' fees to Defendants, subject to submission of timely fee application, but neither defendant applied for fees. Thus, the issue is moot.

## CONCLUSION

¶16   We affirm the superior court's judgments confirming the arbitrator's Award.



AMY M. WOOD • Clerk of the Court
FILED: AA