NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

PAUL GOUNDER, *Plaintiff/Appellant*,

*v.*

ROYAL RIVIERA CONDOMINIUM ASSOCIATION, *Defendant/Appellee*.

No. 1 CA-CV 24-0594

FILED 03-13-2025

---

Appeal from the Superior Court in Maricopa County
No. CV2023-002759
The Honorable Susanna C. Pineda, Judge

**AFFIRMED**

---

COUNSEL

Paul Gounder, Phoenix
*Plaintiff/Appellant*

Schneider & Onofry, P.C., Phoenix
By Charles D. Onofry, ReNae A. Nachman, Dee R. Giles
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Vice Chief Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Chief Judge David B. Gass joined.

---

**H O W E**, Judge:

¶1          Paul Gounder ("Gounder") appeals from the superior court's confirmation of an arbitration award against him in favor of Royal Riviera Condominium Association ("Royal Riviera" or "HOA"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2          In early 2023, Gounder sued Royal Riviera, his homeowners' association. His complaint alleged a litany of grievances, including that Royal Riviera conducted meetings without a quorum and breached its fiduciary duty by "not enforcing the rules," and that the HOA's president and secretary were "in cahoots" because "they both are racist," and "hijacked" the HOA. Royal Riviera moved to dismiss for failure to state a claim, arguing that Gounder's complaint violated "basic pleading rules making it impossible" for it to answer. The superior court granted Royal Riviera's motion, noting that the complaint did not comply with the Arizona Rules of Civil Procedure and that Gounder did not show an attempt to comply with the rules. The court granted Gounder leave to amend his complaint in compliance with the rules, which he did.

¶3          In his amended complaint, Gounder raised functionally the same arguments but clarified that he was seeking "the maximum amount allowed for damage and [the] maximum allowable amount for punitive damage," requested various liens on individual units, and asked the court to permanently ban individuals from serving on the Royal Riviera HOA board.  Royal Riviera moved to partially dismiss the amended complaint for failure to state a claim. The superior court subsequently dismissed several of Gounder's claims and his request for punitive damages.

¶4          Royal Riviera sought to compel arbitration, which the superior court ordered. The arbitrator held a hearing, found for Royal Riviera, and awarded it costs and attorney's fees.  Both parties submitted

documents to the arbitrator and attended the hearing. In response to the arbitrator's notice of decision but *before* the award itself was filed, Gounder objected to the arbitrator's notice. Following the actual award, Gounder moved to sanction the arbitrator and Royal Riviera. The superior court entered judgment on the arbitration award for Royal Riviera. Gounder timely appeals from that judgment, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶5        On appeal, we review a superior court's confirmation of an arbitration award for an abuse of discretion. *Brake Masters Sys., Inc. v. Gabbay*, 206 Ariz. 360, 364 n.3 ¶ 12 (App. 2003). Judicial review of arbitration awards is severely limited. *Atreus Cmtys. Grp. of Ariz. v. Stardust Dev., Inc.*, 229 Ariz. 503, 506 ¶ 13 (App. 2012).

¶6        Gounder argues that the arbitrator made procedural oversights, that the court committed "[p]otential [m]isconduct," and that the cumulative effect of these mistakes violated his due process rights. Following an arbitration hearing, the arbitrator must notify the parties and file a notice of decision with the court. Ariz. R. Civ. P. 76(a). An opposing party then has 15 days after service of the proposed form of award to object, after which the arbitrator resolves any objections and files the final award. Ariz. R. Civ. P. 76(b). Then, any party who appears and participates in a compulsory arbitration may appeal the arbitration award to the superior court. Ariz. R. Civ. P. 77(a). To appeal an award, a party must file a notice of appeal no later than 20 days *after* the award is filed. Ariz. R. Civ. P. 77(b).

¶7        Gounder participated in the arbitration. Although he timely objected to the arbitrator's notice of award, he did not timely appeal the final award to the superior court. The arbitrator filed the award on March 18, 2024, which Gounder acknowledges in his opening brief. Although Gounder moved to sanction the arbitrator later that same day, his motion refers to the arbitrator's February 22 notice, not the March 18 award itself. Gounder also moved to sanction Royal Riviera on March 21. But neither sanction request can be construed as a notice of appeal or appeal from the final arbitration award. And Gounder filed his objection to the notice on March 3, a full fifteen days *before* the arbitrator's final award. All Gounder's other filings fall outside the 20-day window. The superior court thus did not err in entering judgment on the award. Ariz. R. Civ. P. 77(b).

¶8        Even if Gounder's motions constituted a timely appeal, appeals from an arbitration award require "an adequate showing" of one

of the statutory grounds. A.R.S. § 12-1512(A); *see also Nolan v. Kenner*, 226 Ariz. 459, 461 ¶ 5 (App. 2011) ("The superior court may reject an arbitration award only on narrow statutorily enumerated grounds."). Gounder disagrees with the arbitrator's findings and claims the arbitrator was biased, but he makes no adequate showing of his claims. *See* A.R.S. § 12-1512(A); *FIA Card Servs., N.A. v. Levy*, 219 Ariz. 523, 526 ¶ 11 (App. 2008) (explaining that the party alleging the arbitrator was biased bears the burden to produce evidence of partiality). He argues the validity of the award is in question because the arbitrator improperly accepted hard copies of Royal Riviera's documents. Even if this was problematic, Gounder was not prejudiced because he acknowledged that he received a copy of the documents before the arbitration. He also argues that the arbitrator used the incorrect name for Royal Riviera during the proceedings. But both the arbitration award and judgment use Royal Riviera's proper name, and Gounder does not demonstrate prejudice. Gounder has failed to provide this Court or the superior court with evidence of partiality and the record suggests no bias. The superior court, therefore, did not abuse its discretion when it confirmed the award.

**¶9**     Gounder argues the superior court's "failure to address" motions "suggests a disregard for due process," and alleges the court "made false statements in [its] orders," which "[i]f proven, [] could constitute judicial misconduct." Gounder fails to support these allegations, and the record does not show that he was denied due process. *See* ARCAP 13(7) (requiring briefs to include support for contentions with "appropriate references to the portions of the record on which the appellant relies"). The superior court did not violate Gounder's due process rights.

## CONCLUSION

**¶10**     We affirm. Royal Riviera requests its attorney's fees and costs on appeal. A.R.S. §§ 12-341, -341.01. It also requests sanctions under A.R.S. § 12-349. As the successful party in this appeal, we award Royal Riviera its reasonable attorney's fees and reasonable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21. A.R.S. § 12-341, -341.01. In our discretion, we deny Royal Riviera's request under A.R.S. § 12-349.

