250 P.3d 236

**Owen NOLAN, an individual; Diana Nolan, an individual, Plaintiffs/Appellees,**

v.

**Philip A. KENNER, an individual; Standard Advisors, LLC., an Arizona limited liability company; Standard Advisors, Inc., a corporation, Defendants/Appellants.**

**No. 1 CA–CV 10–0355.**

Court of Appeals of Arizona, Division 1, Department B.

March 31, 2011.

---

Baker & Baker By Thomas M. Baker, Phoenix, Attorneys for Appellants.

Buchalter Nemer By Nancy Swift, Scottsdale, Attorneys for Appellees.

## OPINION

KESSLER, Presiding Judge.

¶ 1 Defendants–Appellants Philip A. Kenner, Standard Advisors L.L.C., and Standard Advisors Inc. (collectively "Kenner") appeal the superior court's order confirming an arbitration award granting Plaintiffs–Appellees Owen Nolan and Diana Nolan (collectively "Nolan") approximately $2,700,000 in damages and attorneys' fees for Kenner's breach of fiduciary duty. Kenner contends that the arbitration award should be vacated because Nolan's counsel during arbitration was neither a member of the State Bar of Arizona nor admitted to appear pro hac vice. We hold that open representation by a foreign attorney is not the type of undue means permitting a court to vacate an arbitration award pursuant to Arizona Revised Statutes ("A.R.S.") section 12–1512(A)(1) (2003). Accordingly, we affirm the judgment of the superior court.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 Nolan filed an application for confirmation of an arbitration award in the superior court. Kenner argued the arbitration award should be vacated because Nolan was represented by a California attorney who was not licensed in Arizona. In the alternative, Kenner contended that the superior court should vacate the portion of the arbitration award attributable to attorneys' fees because Nolan's counsel was not a member of the Arizona bar.

¶ 3 The superior court confirmed the arbitration award. Kenner filed a timely notice of appeal. This Court has jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and A.R.S. § 12–2101(B) (2003).

## ANALYSIS

¶ 4 On appeal, we review a superior court's confirmation of an arbitration award for an abuse of discretion. *Brake Masters Sys., Inc. v. Gabbay,* 206 Ariz. 360, 364 n. 3, ¶ 12, 78 P.3d 1081, 1085 n. 3 (App.2003). We review matters of statutory construction de novo. *Id.* at 364, ¶ 12, 78 P.3d at 1085 (citation omitted). Judicial review of arbitration awards is severely restricted. *Smitty's Super–Valu, Inc. v. Pasqualetti,* 22 Ariz.App. 178, 180, 525 P.2d 309, 311 (1974).

### I. Nolan Did Not Obtain the Arbitration Award Through Undue Means.

¶ 5 Kenner argues that the superior court erroneously confirmed the arbitration award because the attorney representing Nolan during arbitration was licensed in California but not Arizona. Kenner fails to cite the statutory basis for declining to confirm an arbitration award on appeal, however he contended in the trial court that representation by a foreign attorney constitutes "undue means" pursuant to A.R.S. § 12–1512(A)(1). The superior court may reject an arbitration award only on narrow statutorily enumerated grounds, including that the award was the result of "corruption, fraud or other undue means." A.R.S. § 12–1512(A)(1). To demonstrate undue means, a party must prove that the other party engaged in "intentional misconduct." *FIA Card Servs., N.A. v. Levy,* 219 Ariz. 523, 525, ¶ 7, 200 P.3d 1020, 1022 (App.2008) (citations and internal quotations omitted). The type of intentional misconduct contemplated by § 1512(A)(1) is "equivalent in gravity to corruption or fraud" and involves "bad faith." *Id.* (citations omitted). We affirm the superior court's confirmation of the arbitration award because Nolan's open use of a California lawyer who took no steps to conceal his lack of Arizona bar membership is not intentional misconduct.

¶ 6 Our decision is supported by *Superadio Limited Partnership v. Winstar Radio Productions, LLC,* in which the Massachusetts Supreme Court affirmed the confirmation of an arbitration award notwith-

standing an allegation that a foreign lawyer engaged in unauthorized practice. 446 Mass. 330, 844 N.E.2d 246, 251–52 (2006). We agree that the open use of a foreign lawyer, with no effort to conceal his or her lack of local bar membership, is not similar to corruption or fraud. *Id.* Nor is it sufficiently nefarious to warrant undermining the finality of an arbitration award.

■ ¶ 7 Additionally, Kenner's argument fails because he did not allege that Nolan's use of a foreign lawyer was undiscoverable during arbitration through reasonable and diligent investigation. A court may refuse to confirm an arbitration award because of undue means only when the undue means are "(1) not discoverable upon the exercise of due diligence prior to the arbitration, (2) materially related to an issue in the arbitration, and (3) established by clear and convincing evidence."[1] *A.G. Edwards & Sons, Inc. v. McCollough,* 967 F.2d 1401, 1404 (9th Cir. 1992) (applying 9 U.S.C. § 10(a)(1), which is the federal counterpart to A.R.S. § 12–1512(A)(1)); *accord Int'l Bhd. of Teamsters v. United Parcel Serv., Inc.,* 335 F.3d 497, 503 (6th Cir.2003); *Bonar v. Dean Witter Reynolds, Inc.,* 835 F.2d 1378, 1383 (11th Cir.1988). The first and second factors control the result in this case.

■ ¶ 8 Rejecting an arbitration award on grounds that could have been presented in arbitration is inconsistent with Arizona's policy of preserving arbitration as a speedy and inexpensive mechanism for dispute resolution. *See Smitty's,* 22 Ariz.App. at 181, 525 P.2d at 312. Permitting expansive judicial review of arbitration awards would make arbitration an additional costly step in an eventual chain of litigation rather than a relatively inexpensive and final determination of the rights of the parties. *Id.* Applying that policy requires that we refuse to consider claims

that an award was procured through undue means when the means were readily discoverable during arbitration.

¶ 9 Kenner did not assert that he was unable to discover opposing counsel's bar status prior to the end of arbitration. Kenner's counsel admitted at oral argument below that the issue was not raised in arbitration simply because nobody considered it.[2] We note that the State Bar of Arizona makes membership information available to the public through its website and that any person can easily determine whether an individual is a member of the Arizona Bar. http://www. azbar.org/. Additionally, Kenner presented no evidence that Nolan's counsel misrepresented his lack of membership in the Arizona bar or that he actively concealed it.

■ ¶ 10 Kenner's argument also fails because he did not proffer any evidence of a causal nexus between the alleged undue means and the arbitration panel's decision. To have an award vacated for undue means, the undue means must have had an impact on or influenced the arbitrator's decision itself. *A.G. Edwards,* 967 F.2d at 1403; *In re Arbitration Between Trans Chem., Ltd. and China Nat'l Mach. Imp. and Exp. Corp.,* 978 F.Supp. 266, 304 (S.D.Tex.1997). Kenner presented no evidence that Nolan's reliance on a foreign attorney affected the arbitrator's award.

¶ 11 Kenner contends that the superior court should not confirm the arbitration award because confirming an arbitration award obtained as a result of alleged unauthorized practice would nullify restrictions on the practice of law in Arizona. We disagree. Our decision has no effect on the ability of either the Arizona bar or the California bar to take disciplinary action based on any unauthorized practice.[3] It also does not re-

---

1. *No Arizona opinion addresses the effect of waiver of an issue during arbitration, so we adopt the reasonable position applied by federal courts construing the federal analog of A.R.S. § 12–1512(A)(1). Levy, 219 Ariz. at 525, ¶ 7, 200 P.3d at 1022.*

2. Kenner also admits this fact in his opening brief.

3. Although we decline to determine whether Nolan's counsel committed unauthorized practice, we note that the State Bar of Arizona published an advisory opinion permitting foreign attorneys to arbitrate in Arizona under certain circumstances. State Bar of Arizona, *UPL 06–04, Representation by Non–Arizona Attorney in Private Arbitration* (2006), *available at* http:// www. myazbar.org/LawyerRegulation/UPL/uplaa0604. pdf (citing ER 5.5(C)(3) and permitting represen-

strict a party's ability to raise such an issue during arbitration. Additionally, this opinion does not prevent rejection of an arbitration award obtained by unauthorized practice if the attorney procuring it misrepresented or actively concealed his or her nonmembership in the Arizona bar. Declining to adopt this particular remedy does not nullify restrictions on unauthorized practice.

## II. The Superior Court Correctly Denied Kenner's Request to Modify the Award.

¶ 12 Kenner also contends that the superior court erroneously failed to modify the award because the arbitrators awarded attorneys' fees based on services rendered by a California attorney. Because Nolan's counsel was not admitted in Arizona, Kenner contends that they did not have the requisite attorney-client relationship to justify an award of attorneys' fees. We disagree.

¶ 13 Modification of an arbitration award is governed by A.R.S. § 12–1513(A) (2003). A court may modify an arbitration award only if:

1. There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

2. The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

3. The award is imperfect in a matter of form, not affecting the merits of the controversy.

A.R.S. § 12–1513(A). Kenner's argument about bar membership does not implicate any of the statutory factors permitting modification. Rather, at most it implicates either an erroneous factual finding about the bar membership of Nolan's counsel or an erroneous legal conclusion about eligibility for fee shifting. The arbitrators' findings of both law and fact are final and neither the superior court nor this Court will reexamine them. *Hirt v. Hervey*, 118 Ariz. 543, 545, 578 P.2d 624, 626 (App.1978) (citation omitted). Our ruling that the arbitrator's decision on matters of fact and law is final precludes us from considering Kenner's contention that Nolan and his counsel lack the attorney-client relationship that is prerequisite to an award of attorneys' fees.

## CONCLUSION

¶ 14 For the foregoing reasons, we affirm the superior court's confirmation of the arbitration award. Kenner requested fees and costs pursuant to A.R.S. §§ 12–341 (2003), –341.01 (2003), and –1514 (2003). Kenner is not the prevailing party, so we deny his application based on A.R.S. §§ 12–341 and –341.01. A.R.S. § 12–1514 provides that "[c]osts of the application [for confirmation of an arbitration award] and of the proceedings subsequent thereto ... may be awarded by the court."[4] We exercise our discretion to decline an award of costs to Kenner because he did not prevail. We award Nolan costs pursuant to A.R.S. § 12–341 upon timely compliance with ARCAP 21.[5]

CONCURRING: DIANE M. JOHNSEN and SHELDON H. WEISBERG, Judges.

---

tation by foreign lawyer in arbitration if (1) the lawyer is an admitted lawyer in another jurisdiction and not suspended or disbarred in any jurisdiction, (2) the performance of legal services in Arizona is temporary, and (3) the legal services arise out of or are reasonably related to the lawyer's practice in a state in which he or she is admitted). There is no evidence in the record relating to any of these three factors. Because we do not consider whether the attorney's participation in this proceeding constitutes unauthorized practice, we need not consider whether the American Arbitration Association Commercial Rules may or do permit participation by foreign attorneys.

4. Costs pursuant to A.R.S. § 12–1514 include attorneys' fees. *Steer v. Eggleston*, 202 Ariz. 523, 528, ¶¶ 23–25, 47 P.3d 1161, 1166 (App.2002).

5. Nolan also requested attorneys' fees on appeal pursuant to ARCAP 21. Citation to ARCAP 21 alone "does not provide a substantive basis for

an appellate court to consider an award of attorneys' fees." *Ezell v. Quon,* 224 Ariz. 532, 539, ¶ 31, 233 P.3d 645, 652 (App.2010). A "general request that [a party] be awarded attorneys' fees does not constitute a claim 'pursuant to statute, decisional law or contract[.]' " *Id.* (quoting ARCAP 21(c)(1)). Because Nolan has failed to proffer any authority supporting his request for appellate fees, it is denied.