NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JAMES GREER and MEREDITH GREER, *Plaintiffs/Appellants*,

*v.*

GARY A. DELGROLICE and TERESA A. DELGROLICE, husband and wife; MOUNTAIN MARBLE MANUFACTURING, INC.; DELTAG ENTERPRISES, I, L.L.C. (Affiliate); MTN M MFG, INC. (Successor Entity); DELTAG ENTERPRISES, II – LOTS, L.L.C. (Successor); DELTAG ENTERPRISES, III – PAGE, L.L.C. (Successor); DELTAG ENTERPRISES, IV – DEWEY, L.L.C., *Defendants/Appellees*.

No. 1 CA-CV 13-0122
FILED 5-20-2014

Appeal from the Superior Court in Maricopa County
No. CV2011-097067
The Honorable Mark F. Aceto, Judge

**AFFIRMED**

COUNSEL

James and Meredith Greer, Sun City
*Plaintiffs/Appellants*

Jones, Skelton & Hochuli, P.L.C., Phoenix
By Jay P. Rosenthal, Lori L. Voepel, Jonathan P. Barnes, Jr.
*Counsel for Defendants/Appellees Gary A. Delgrolice and Teresa A. Delgrolice*

Holloway Odegard & Kelly, P.C., Phoenix
By Peter C. Kelly, II, Ellen M. Van Riper
*Counsel for Defendants/Appellees Mountain Marble Manufacturing, Inc.,*
*Gary A. Delgrolice and Teresa A. Delgrolice, and Deltag Enterprises I, L.L.C.*

---

**MEMORANDUM DECISION**

---

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

---

**N O R R I S**, Judge:

**¶1** Plaintiffs/Appellants James Greer and Meredith Greer appeal from the superior court's order denying their application to vacate an arbitration award entered by a three-member arbitration panel finding in favor of Defendants/Appellees (collectively, "Defendants" unless separately named) and rejecting the Greers' claims for fraud, breach of contract, negligent misrepresentation, promissory estoppel, and breach of fiduciary duty arising out of the sale of a cultured marble business.

**¶2** On appeal, as they did in the superior court, the Greers raise numerous challenges and objections to the factual findings made by the arbitration panel,[1] ranging from the Greers' failure to adequately inspect the business before purchasing it to the reasons for the business's failure. Based on our review of the record and briefing on appeal, all of the

---

[1]Arizona's Uniform Arbitration Act, Ariz. Rev. Stat. ("A.R.S.") §§ 12-1501 to -1518 (2003), rather than Arizona's Revised Uniform Arbitration Act, A.R.S. §§ 12-3001 to -3029 (Supp. 2013), applies here because the parties' agreement predated January 1, 2011 and the arbitration proceedings began before that date. *See* 2010 Ariz. Sess. Laws, ch. 139, § 5 (2d Reg. Sess.) (Revised Uniform Arbitration Act "does not affect an action or proceeding commenced or a right accrued before January 1, 2011.").

Greers' factual challenges are based upon evidence they allegedly presented to the panel. We say "allegedly" because, as the superior court noted, the Greers failed to provide the court with a transcript of the proceedings before the panel. Absent the transcript, the superior court was not in a position to evaluate the evidence presented to the panel, and neither are we. *See Anzilotti v. Gene D. Liggin, Inc.*, 899 S.W.2d 264, 267 (Tex. App. 1995) ("When a non-prevailing party seeks to modify or vacate an arbitrator's award, he bears the burden to bring forth a complete record that establishes his basis for relief. . . . Without a record, we are to presume that adequate evidence was presented to support the arbitrator's award." (citations omitted)); *c.f. Parrish v. Camphuysen*, 107 Ariz. 343, 346, 488 P.2d 657, 660 (1971) (presumption favoring validity of Special Master's findings strengthened when appellate court did not receive transcript (citations omitted)).

¶3　　　　Further, even if the Greers had provided the superior court with a transcript of the arbitration proceeding, as the court correctly noted, the arbitrators' factual findings are final and binding. *Nolan v. Kenner*, 226 Ariz. 459, 463, ¶ 13, 250 P.3d 236, 240 (App. 2011) (citation omitted); *Smitty's Super-Valu, Inc. v. Pasqualetti*, 22 Ariz. App. 178, 180-81, 525 P.2d 309, 311 (1974) (citations omitted).

¶4　　　　Similarly, the Greers also argue the panel misapplied the law. But, like the panel's findings of fact, the legal conclusions it made are also final and binding. *Nolan*, 226 Ariz. at 463, ¶ 13, 250 P.3d at 240 (citation omitted); *Smitty's Super-Valu, Inc.*, 22 Ariz. App. at 181, 525 P.2d at 311-12 ("Thus, even though a court reviewing an arbitration award might consider erroneous some rulings on questions of law, the rulings made by the arbitrators are binding unless they result in extending the arbitration beyond the scope of submission." (citation omitted)).

¶5　　　　Restated for clarity, the Greers next argue that counsel for the Delgrolices engaged in ex parte communications with the panel and thus the award was "procured by corruption, fraud or other undue means." *See* Ariz. Rev. Stat. ("A.R.S.") § 12-1512(A)(1) (2003). After conducting an evidentiary hearing on their application to vacate the arbitration award, the superior court found the Greers had failed to prove the award was procured by corruption, fraud, or other undue means. Whether we review the superior court's decision de novo or for abuse of

3

discretion,[2] we agree with the superior court that the Greers failed to prove corruption, fraud, or other undue means by clear and convincing evidence. *See Nolan*, 226 Ariz. at 462, ¶ 7, 250 P.3d at 239. Although the Greers presented testimony that counsel for the Delgrolices spoke to the panel on various occasions, counsel testified that the conversations he had with the panel were casual conversations, having to do with daily events or pleasantries and in the presence of all parties. Counsel further testified that one panel member asked for a private area to make a call on another matter and he led him to a private room. Counsel also denied having any private conversation about the case or the evidence with any member of the panel at that or any other time.

¶6        Furthermore, to show corruption, fraud, or other undue means, a party must also show the improper conduct was "not discoverable upon the exercise of due diligence prior to the arbitration." *Id.* The Greers testified at the evidentiary hearing they saw the alleged ex parte communications during the arbitration; accordingly, we will "refuse to consider claims that an award was procured through undue means when the means were readily discoverable during arbitration." *Id*. at ¶ 8.

¶7        Finally, the Greers argue the panel exceeded its powers[3] by rejecting their factual and legal arguments. For the reasons previously discussed, see *supra* ¶¶ 3-4, we disagree.

---

[2]Defendants assert we should review the superior court's order denying the Greers' application to vacate the arbitration award for abuse of discretion citing *Brake Masters Systems, Inc. v. Gabbay*, 206 Ariz. 360, 364 n.3, ¶ 12, 78 P.3d 1081, 1085 n.3 (App. 2003) ("Normally, we review a trial court's decision to confirm an arbitration award for an abuse of discretion." (citation omitted)), however, this court has reviewed a vacatur of an arbitration award de novo. *See Wages v. Smith Barney Harris Upham & Co.*, 188 Ariz. 525, 532, 937 P.2d 715, 722 (App. 1997) ("After examining the totality of the circumstances . . . we find that a reasonable person could indeed conclude that [arbitrator] was partial to [plaintiff] . . . ."). We do not need to decide which standard applies here, however, because the result in this case is the same under either standard.

[3]We note the arbitration provision in the parties' agreement was very broad and required the parties to submit "any dispute" relating to their agreement, except for a request for injunctive relief, to arbitration.

4

**¶8** For the foregoing reasons, we affirm the superior court's order denying the Greers' application to vacate the arbitration award. As the prevailing party, we award the Defendants their costs on appeal contingent upon their compliance with Arizona Rule of Civil Procedure 21.



Ruth A. Willingham · Clerk of the Court
FILED: MJT

---

*See Smitty's Super-Valu, Inc.*, 22 Ariz. App. at 180, 525 P.2d at 311 (arbitrators' powers defined by agreement of parties (citations omitted)).