IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| BRAKE MASTERS SYSTEMS, INC., an Arizona corporation, | ) ) ) | 2 CA-CV 2003-0067 DEPARTMENT A |
| Plaintiff/Appellee, | ) ) | O P I N I O N |
| v. | ) ) | |
| KEN K. GABBAY, a married man, | ) ) | |
| Defendant/Appellant. | ) ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C 20024036

Honorable Christopher C. Browning, Judge

AFFIRMED

Robert A. Fortuno, P.C.
  By Robert A. Fortuno                                                    Tucson
                                                  Attorney for Plaintiff/Appellee

Rusing & Lopez, P.L.L.C.
  By Cynthia Kuhn and Lorraine C. Gin                                     Tucson
                                                  Attorneys for Defendant/Appellant

H O W A R D, Judge.

¶1          Appellant Ken Gabbay appeals from the trial court's judgment confirming the

arbitration award entered in favor of appellee Brake Masters Systems, Inc.  Gabbay argues that

the trial court erred because the parties had not agreed either to allow the arbitrator to decide the

arbitrability of issues or to submit the particular issues involved to arbitration. Because substantial evidence supports the trial court's findings on the arbitrator's authority to decide the arbitrability of the issues and because the arbitrator's decision is entitled to deference, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 The underlying facts are undisputed. Gabbay entered into a contract for a Brake Masters franchise in the Los Angeles, California, area. After a dispute arose about the proposed franchise location, Gabbay and Brake Masters entered into a settlement agreement terminating their franchise relationship and Gabbay's right to use Brake Masters' name, slogan, trademarks, etc. The settlement agreement also provided as follows for arbitration of disputes arising from the agreement:

> Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by binding arbitration in Tucson, Arizona, before Lawrence H. Fleischman, Esq., in accordance with the standard rules of arbitration utilized by him. If Mr. Fleischman is unable or unwilling to serve as arbitrator, the parties will attempt to mutually agree upon a replacement. If they cannot agree within 10 days, then the arbitration will be conducted in Tucson, Arizona pursuant to, and by a single arbitrator selected in accordance with, the Commercial Arbitration Rules of the American Arbitration Association. Judgment upon the decision of the arbitrator may be entered in any court of competent jurisdiction.

¶3 After the settlement, Gabbay began operating a brake repair and service business using a name, color scheme, and slogan that Brake Masters believed were deceptively similar to its own name, color scheme, and slogan. Brake Masters demanded that Gabbay discontinue their use, a demand Gabbay refused. Brake Masters then requested arbitration under the settlement agreement. Gabbay objected to arbitration on the ground that Brake Masters' issues were not

2

fairly included within those contemplated by the arbitration clause. Brake Masters disagreed, and the arbitration was conducted with Fleischman as the arbitrator. Gabbay refused to attend. During the arbitration proceeding, Fleischman determined that he had the authority to decide the arbitrability of the issues. He then found that the issues were subject to arbitration and ruled in favor of Brake Masters on the merits. Brake Masters asked the superior court to confirm the arbitration award, which it did over Gabbay's objection. This appeal followed.

## PRE-ARBITRATION JUDICIAL DETERMINATION

¶4        Gabbay first contends that the trial court erred in confirming the award, arguing A.R.S. § 12-1502 requires that, if one party contests arbitrability, the party seeking arbitration must obtain a judicial decision concerning arbitrability before the arbitration may proceed. We review this issue of statutory construction de novo. See Republic Nat'l Bank of N.Y. v. Pima County, 200 Ariz. 199, ¶10, 25 P.3d 1, ¶10 (App. 2001).

¶5        An arbitrator may only resolve issues the parties have agreed to submit to arbitration. Foy v. Thorp, 186 Ariz. 151, 153, 920 P.2d 31, 33 (App. 1996); see A.R.S § 12-1501. A party seeking to arbitrate may ask a court to determine whether the parties agreed to submit an issue to arbitration, i.e., the arbitrability of the issue, before the arbitration proceeds.

> On application of a party showing an agreement described in § 12-1501, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party. Otherwise, the application shall be denied.

§ 12-1502(A).

3

¶6 Although § 12-1502(A) allows a party attempting to arbitrate to seek a court order determining arbitrability and compelling the other party to arbitrate, this section does not require the party attempting to arbitrate to do so. And § 12-1502(B) allows a party opposing arbitration to seek a court order staying the arbitration, giving the opposing party the same option of a pre-arbitration judicial determination of arbitrability. Furthermore, A.R.S. § 12-1512(A) allows a party opposing arbitration to object to confirmation of the award on the ground that "the arbitrators exceeded their powers" or that "there was no arbitration agreement." This section would not preserve these grounds for decision in the post-arbitration confirmation process if the other sections required a pre-arbitration judicial determination of arbitrability.

¶7 Most other courts that have considered this issue have held that a party is not required to seek a pre-arbitration determination of arbitrability even when the other party objects to the arbitrability of the issue. See, e.g., Nat'l Ass'n of Broad. Employees & Technicians v. Am. Broad. Co., 140 F.3d 459, 462 (2d Cir. 1998) (NABET) (judicial determination of arbitrability need not precede arbitration even if arbitrability is disputed); Bernstein Seawell & Kove v. Bosarge, 813 F.2d 726, 733 (5th Cir. 1987) (procedural requirements of statute providing for petition to court to compel arbitration are permissive rather than mandatory); Battle v. Gen. Cellulose Co., 129 A.2d 865, 868 (N.J. 1957) (rejecting argument that arbitration could not proceed without court order compelling arbitration).

¶8 The statutes at issue in these cases are consistent with our own arbitration statutes and promote the fundamental goal of arbitration: a simple and expeditious alternative to litigation. See NABET, 140 F.3d at 463. When addressing the argument that a pre-arbitration judicial determination of arbitrability was required, the court in NABET noted:

4

> Under [the arbitration opponent's] view, arbitration proceedings must come to a halt, and the party seeking arbitration must bear the burden of obtaining a favorable ruling whenever a party disputes arbitrability. If any and all objections to arbitrability were enough to halt the process pending a court order compelling arbitration, a [defending] party would have an incentive to raise meritless arbitrability issues . . . and parties would have an incentive to object to arbitrability in order to receive two bites at the apple. A party could object to the arbitrator's jurisdiction, yet wait for the arbitration award to be issued[,] safe in the knowledge that if the award is unfavorable, it can demand a second arbitration [because there has been no pre-arbitration judicial determination].

Id.

¶9　　　　Our arbitration statutes and the weight of authority from other jurisdictions allow either a pre-arbitration or a post-arbitration determination of arbitrability.[1] Accordingly, we conclude Brake Masters was not required to obtain a pre-arbitration judicial determination of arbitrability.

## ARBITRATOR'S AUTHORITY

¶10　　　　Gabbay next argues that the trial court erred in confirming the award by finding that the arbitration agreement granted the arbitrator the primary authority to decide the arbitrability of the issues. Brake Masters responds that the evidence supports the trial court's determination that the American Arbitration Association (AAA) Rules of Commercial Dispute Resolution Procedures (Including Mediation and Arbitration Rules) were the arbitrator's "standard rules of arbitration" provided for in the settlement agreement. Brake Masters further notes Rule 8(a) of those rules

---

[1]The court may have to abstain from deciding the issue of arbitrability before the arbitration if the arbitration agreement allows the arbitrator to decide arbitrability. Further, as discussed below, a different standard of proof may apply to the post-arbitration determination if the arbitration agreement allows the arbitrator to decide arbitrability.

allows an arbitrator to determine arbitrability as follows: "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement."[2]

I. First Options

¶11 Under our arbitration statutes, the party challenging an arbitration award generally has the burden of proving the existence of one of the statutory grounds to vacate the award. Fisher v. Nat'l Gen. Ins. Co., 192 Ariz. 366, ¶12, 965 P.2d 100, ¶12 (App. 1998); see Pawlicki v. Farmers Ins. Co., 127 Ariz. 170, 173, 618 P.2d 1096, 1099 (App. 1980) (statutory grounds exclusive bases for refusing confirmation). But both parties rely on First Options of Chicago v. Kaplan, 514 U.S. 938, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995), as setting forth both the standard of proof a trial court should use in deciding whether to confirm an award when the authority of the arbitrator to decide arbitrability is at issue and the standard of review on appeal. By arguing that First Options applies to the present case, both parties implicitly accept that the Federal Arbitration Act (FAA) governs the arbitration agreement.

¶12 In First Options, the Supreme Court identified three types of disagreement that may occur in an arbitration: who should have the primary power to determine arbitrability, whether the dispute is arbitrable, and who should prevail on the merits. Id. at 942, 115 S. Ct. at 1923, 131 L. Ed. 2d at 992. In considering the first type of disagreement, the Court was concerned that a party entering into an arbitration contract might not focus on who would determine arbitrability,

---

[2]Rule 8(a) was renumbered Rule 7(a) in the current version of the AAA Commercial Arbitration Rules and Mediation Procedures (Including Procedures for Large, Complex Commercial Disputes), amended July 1, 2003.

which might force unwilling parties to arbitrate a matter they had thought a court would decide. Id. at 945, 115 S. Ct. at 1925, 131 L. Ed. 2d at 994. Accordingly, the Court held that, when the parties dispute whether the arbitrator has authority to decide arbitrability, the trial court should not assume that the parties agreed the arbitrator could decide his or her own jurisdiction but should require "clea[r] and unmistakabl[e] evidence that they did so." Id. at 944, 115 S. Ct. at 1924, 131 L. Ed. 2d at 994. The Court recognized with approval a court's hesitation "to interpret silence or ambiguity on the 'who should decide arbitrability' point as giving the arbitrators that power." Id. at 945, 115 S. Ct. at 1925, 131 L. Ed. 2d at 994. The Court held that appellate courts should uphold a trial court's findings of fact unless they are clearly erroneous, but review the court's conclusions of law de novo.[3] Id. at 947-48, 115 S. Ct. at 1926, 131 L. Ed. 2d at 996.

## II. Necessity of evidentiary hearing

¶13  In this case, the parties presented a question of fact to the trial court, specifically, whether the AAA rules were the "standard rules of arbitration utilized by [Fleischman]." When a genuine issue of material fact exists on the existence or terms of an arbitration agreement, numerous state and federal courts have held that the trial court should hold an evidentiary hearing. RE/MAX Int'l, Inc. v. Realty One, Inc., 271 F.3d 633, 646 (6th Cir. 2001) (evidentiary hearing required if facts material to agreement are disputed); Murchison v. Grand Cypress Hotel Corp.,

---

[3]Normally, we review a trial court's decision to confirm an arbitration award for an abuse of discretion. See Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co., 180 Ariz. 148, 150, 882 P.2d 1274, 1276 (1994). Although the FAA typically does not impose procedural requirements on states so long as a state's procedures do not defeat the purposes of the act, see Southern California Edison Co. v. Peabody Western Coal Co., 194 Ariz. 47, ¶13, 977 P.2d 769, ¶13 (1999); Reis v. Peabody Coal Co., 935 S.W.2d 625, 630 (Mo. App. 1996), we follow First Options' dictates on this particular issue.

13 F.3d 1483, 1486 (11th Cir. 1994) (summary enforcement of alleged settlement agreement improper when substantial factual dispute exists on terms of agreement); Gatz v. Southwest Bank of Omaha, 836 F.2d 1089, 1095 (8th Cir. 1988) (district court must hold evidentiary hearing when substantial factual dispute exists on existence or terms of settlement agreement); Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) ("[W]here material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing."); DiFrancesco v. Particle Interconnect Corp., 39 P.3d 1243, 1247 (Colo. App. 2001) (if terms or existence of settlement agreement are in dispute, evidentiary hearing is required); Moran v. Guerreiro, 37 P.3d 603, 620 (Haw. App. 2001) (motion to enforce settlement agreement may not be decided summarily if there is any question of fact on whether mutual, valid, and enforceable settlement agreement exists); Rulli v. Fan Co., 683 N.E.2d 337, 339 (Ohio 1997) (when parties dispute meaning of terms of settlement agreement or existence of settlement agreement, trial court must conduct evidentiary hearing before enforcing agreement).

¶14        We agree with those holdings and conclude that a trial court should apply the same standard used to determine summary judgment motions when deciding whether to hold an evidentiary hearing on a request to confirm an arbitration award:  whether there is a genuine issue on any material fact.  See Ariz. R. Civ. P. 56(c), 16 A.R.S., Pt. 2.  But a trial court is not required to hold an evidentiary hearing if "'the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense.'"  Ruelas v. Staff Builders Pers. Servs., Inc., 199 Ariz. 344, ¶7, 18 P.3d 138, ¶7 (App. 2001), quoting Orme Sch. v. Reeves, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990).

8

¶15 In this case, the narrow issue the parties presented to the trial court was whether the settlement agreement provided that the arbitrator would have the primary authority to determine the arbitrability of issues. The resolution of that issue required a factual determination of whether the AAA rules were the standard rules Fleischman used. But both parties asked the trial court to rule on whether to confirm the arbitration award based on the documents presented and their oral arguments. Accordingly, any error in the trial court's not holding an evidentiary hearing is waived. See Hahn v. Pima County, 200 Ariz. 167, ¶13, 24 P.3d 614, ¶13 (App. 2001) (failure to raise issue either at trial level or in briefs on appeal constitutes waiver of issue); cf. Trustmark Ins. Co. v. Bank One, Ariz., NA, 202 Ariz. 535, ¶38, 48 P.3d 485, ¶38 (App. 2002) (failure to object to verdict when rendered waived issue that verdict was contrary to law).

III. Resolution of factual issue

¶16 We review the trial court's factual finding that the AAA rules were Fleischman's standard rules to determine if it is clearly erroneous. See First Options. The finding is not clearly erroneous if substantial evidence supports it. In re Pouser, 193 Ariz. 574, ¶13, 975 P.2d 704, ¶13 (1999). Substantial evidence is evidence from which the trial court could determine that the parties had clearly and unmistakably agreed to allow the arbitrator to decide the arbitrability of issues. See id.

¶17 First, in the franchise agreement, the parties agreed that any dispute about that agreement "or any agreement related to [the franchise agreement]" would be submitted for binding arbitration in accordance with AAA rules. The settlement agreement also stated that, in the event the chosen arbitrator was not available to conduct the arbitration, the alternate arbitrator was to use AAA rules. In this case, this provision was not binding because the parties' first choice of

9

arbitrator was available. This provision, however, does indicate that the parties were aware of and consciously chose to allow AAA rules to apply to arbitration in certain situations. In addition, Brake Masters' letter of June 3, 2002, of which Gabbay received a copy, cited AAA Rule 8(a) and stated that Brake Masters believed Rule 8(a) would be used. See Restatement (Second) of Contracts § 19 (1981) (manifestation of assent may be made by written or spoken words, by other acts, or by failure to act). Finally, in the arbitration award, Fleischman quoted the provision of the settlement agreement that specified that any arbitration he conducted would be in accordance with his standard rules. He then stated that his authority to determine his jurisdiction was "Rule 8(a) of the Commercial Arbitration Rules of the American Arbitration Association governing this arbitration." (Emphasis added.)

¶18 In response to this evidence, Gabbay cites only a facsimile confirming a conversation between his prior attorney's paralegal and Fleischman's secretary, in which Fleischman's secretary had said Fleischman followed the Arizona Rules of Evidence loosely. We need not resolve Brake Masters' hearsay objection to this document because, giving it its full import, this reply concerning Arizona evidentiary rule application from someone other than Fleischman in response to a general question fails to undermine Brake Masters' position. See Pouser, 193 Ariz. 574, ¶13, 975 P.2d 704, ¶13 (reviewing court will not reweigh conflicting evidence or redetermine preponderance of the evidence). Based on these facts, substantial evidence supports the trial court's finding that the arbitrator considered the AAA rules his "standard rules."

## IV. Clear and unmistakable as a matter of law

¶19 At oral argument, Gabbay asserted that, as a matter of law, the clear and unmistakable standard requires the agreement to specifically state that the arbitrator will decide the arbitrability of the issues. But several courts that have considered this issue have taken the contrary view and held that, when parties agree that the AAA rules govern the arbitration, implicitly included in the agreement is the rule that grants the arbitrators the authority to determine the arbitrability of the issues. See Johnson v. Polaris Sales, Inc., 257 F. Supp. 2d 300, 308-09 (D. Me. 2003); Sleeper Farms v. Agway, Inc., 211 F. Supp. 2d 197, 200 (D. Me. 2002); Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc., 203 F.R.D. 677, 684-85 (D. Fla. 2001); In re R D Mgmt. Corp. ___ N.Y.S.2d ___, 2003 WL 21669727 (App. Div. Jul. 16, 2003); cf. John Hancock Life Ins. Co. v. Wilson, 254 F.3d 48, 54-55 (2d Cir. 2001) (clear and unmistakable standard met when agreement expressly incorporates provisions of National Association of Securities Dealers Code). These cases are consistent with the more general principle that, unless expressly stated otherwise, reference to a set of rules in an arbitration agreement effectively incorporates into the agreement those rules in their entirety, including any amendments enacted prior to the arbitration.[4] Bryson v. Gere, 268 F. Supp. 2d 46, 52 (D.D.C. 2003); Commonwealth Edison Co. v. Gulf Oil Corp., 541 F.2d 1263, 1273 (7th Cir. 1976); see also Rainwater v. Nat'l Home Ins. Co., 944 F.2d 190, 193 (4th Cir. 1991) (use of explicit language or "magic words" not required). Accordingly, First Options' clear and convincing

---

[4]The revised AAA Rule 8(a) took effect January 1, 1999, and was specifically designed to address the Court's holding in First Options. AAA Revises Commercial Arbitration Rules, Disp. Resol. J., Nov. 1998, at 4, 4, 96.

11

evidence standard does not require that the arbitration agreement specifically state that the arbitrator has the primary authority to decide the arbitrability of the issues.

## V.   Resolution of the case

¶20      Both Brake Masters and Gabbay clearly and unmistakably agreed to allow Fleischman to use his "standard rules," and substantial evidence shows the AAA rules were his standard rules. By incorporating the AAA rules into the agreement, Brake Masters and Gabbay clearly and unmistakably agreed that the arbitrator would primarily decide the arbitrability of the issues. See Rule 8(a). This result does not rest on ambiguity or silence, but rather, on the intent of the parties manifested by signing the settlement agreement. See First Options. Fleischman decided the arbitrability of the issues here, and the trial court correctly found that his decision was entitled to deference and supported by the evidence.

¶21      Gabbay further argues that Brake Masters submitted issues that were not connected to the settlement agreement and, therefore, that were not subject to arbitration. But the arbitrator decided that the issues were, in fact, subject to arbitration. As we have concluded above, the trial court correctly found that the arbitrator had authority to make that decision. Once the trial court made that finding, it was required to defer to the arbitrator's ruling on arbitrability, as it would on any other ruling. See First Options, 514 U.S. at 943, 115 S. Ct. at 1924, 131 L. Ed. 2d at 993. Arguing that the decision on the arbitrability issue was incorrect is not a proper ground under § 12-1512 on which to object to a court's confirmation of an arbitration award. Hirt v. Hervey, 118 Ariz. 543, 545, 578 P.2d 624, 626 (App. 1978) (arbitration award not subject to attack merely because one party believes arbitrators erred in factual determinations or legal

12

interpretations). The trial court, therefore, correctly upheld the arbitrator's decision. Accordingly, we affirm the trial court's judgment.

¶22 Brake Masters has requested attorney fees on appeal under A.R.S. §§ 12-1514 and 12-341.01 and also pursuant to 15 U.S.C. § 1117(a). The arbitrator determined this was an "exceptional case" under § 1117 and awarded fees accordingly. We grant Brake Masters reasonable attorney fees pursuant to each of those statutes, after its compliance with Rule 21, Ariz. R. Civ. App. P., 17B A.R.S.


_____
JOSEPH W. HOWARD, Judge

CONCURRING:


_____
J. WILLIAM BRAMMER, JR., Presiding Judge


_____
BOYD T. JOHNSON, Judge*


*A judge of the Pinal County Superior Court authorized and assigned to sit as a judge on the Court of Appeals, Division Two, pursuant to Arizona Supreme Court Order filed September 25, 2003.