NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

FRAZER, RYAN, GOLDBERG & ARNOLD, LLP, *Applicant/Appellee,*

*v.*

PATRICIA FRAZZANO, *Respondent/Appellant.*

No. 1 CA-CV 14-0181
FILED 6-9-2015

---

Appeal from the Superior Court in Maricopa County
No. CV2013-015470
The Honorable Arthur T. Anderson, Judge

**AFFIRMED**

---

COUNSEL

Schneider & Onofry, P.C., Phoenix
By Charles D. Onofry, Luane Rosen
*Counsel for Respondent/Appellant*

Frazer, Ryan, Goldberg & Arnold, L.L.P., Phoenix
By John R. Fitzpatrick, Joshua D. Moya
*Counsel for Applicant/Appellee*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Donn Kessler joined.

---

**T H U M M A**, Judge:

¶1         Patricia Frazzano appeals from the superior court's judgment confirming an arbitration award in favor of Frazer, Ryan, Goldberg & Arnold, LLP (Frazer Ryan). Because Frazzano has not shown the superior court erred, the judgment is affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

¶2         In 2010, Frazzano's transactional attorney contacted Frazer Ryan, requesting that the law firm represent Frazzano in probate litigation. Frazer Ryan presented a written fee agreement to Frazzano, her transactional attorney advised her to sign it and she and Frazer Ryan signed the agreement. As relevant here, the agreement contained a dispute resolution provision requiring arbitration:

> Any dispute regarding the bills must be timely submitted to binding arbitration in accordance with the standards of the State Bar of Arizona Fee Arbitration program. If for any reason that arbitration program is unable to handle the dispute, the matter will be privately arbitrated by any retired Arizona Superior Court or appellate Court judge of our choosing.

¶3         Frazer Ryan then represented Frazzano in the probate litigation for nearly two years. Although Frazzano initially paid fees as invoiced, she later stopped paying and, as a result, Frazer Ryan successfully withdrew from representing her. When informal attempts to resolve the payment of fees failed, Frazer Ryan initiated proceedings with the State Bar

---

[1] This court reviews the facts in the light most favorable to affirming the superior court's confirmation of the arbitrator's award. *Altreus Cmtys. Grp. of Ariz. v. Stardust Dev., Inc.*, 229 Ariz. 503, 506 ¶ 13, 277 P.3d 208, 211 (App. 2012).

of Arizona Fee Arbitration Program. *See* Lawyers and Legal Fees – Fee Disputes, http://www.azbar.org/LawyerConcerns/FeeDisputes (last visited June 3, 2015). When Frazzano did not respond, the State Bar declined jurisdiction over the dispute. Pursuant to the agreement, Frazer Ryan then initiated private arbitration by selecting a retired superior court judge as an arbitrator. Although Frazzano received notice of the private arbitration proceedings, she did not participate. Based on the evidence provided, the arbitrator awarded Frazer Ryan $97,419.54 (representing unpaid attorneys' fees, costs and interest) and imposed on Frazzano $892.50 in arbitrator's fees and $116.68 in arbitration costs.

**¶4**　　　　Frazer Ryan filed an application for confirmation of award of arbitrator with the superior court, and served Frazzano with process on November 18, 2013. Frazzano did not respond and Frazer Ryan moved for an entry of judgment pursuant to Arizona Revised Statutes (A.R.S.) section 12-1511 (2015).[2] On December 18, 2013, Frazzano filed an opposition. The superior court then confirmed the award, finding Frazzano's opposition was untimely and rejecting her arguments on the merits. Frazzano unsuccessfully moved to set aside the confirmation of the award pursuant to Arizona Rule of Civil Procedure 60(c). This court has jurisdiction over Frazzano's timely appeal pursuant to the Arizona Constitution, Article 6, Section 9, and A.R.S. §§ 12-2101(A)(1) and -120.21(A)(1).

## DISCUSSION

### I. The Superior Court Properly Found Frazzano's Opposition Was Untimely.

**¶5**　　　　Frazzano claims the superior court erred in finding her opposition to the application for confirmation of the arbitration award was untimely. "Upon the expiration of twenty days from service of the application, which shall be made upon the party against whom the award has been made, the court shall enter judgment upon the award unless opposition is made in accordance with § 12-1512." A.R.S. § 12-1511.

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated. Before the superior court and on appeal, the parties have argued the application of A.R.S. §§ 12-1501, et seq., and this court applies that law in resolving this appeal, noting that there is no indication the result on the merits would be different under A.R.S. §§ 12-3001, et seq.

Frazzano's opposition, however, was filed 30 days after Frazer Ryan served her with its application.[3] Accordingly, the superior court did not err in finding her opposition was untimely, thereby resulting in a waiver. *See State ex rel. Napolitano v. Brown & Williamson Tobacco Corp.*, 196 Ariz. 382, 386 ¶ 15, 998 P.2d 1055, 1059 (2000).

## II. The Superior Court Properly Rejected Frazzano's Opposition On The Merits.

**¶6** The superior court rejected Frazzano's opposition on the merits, which she claims was error because (1) the arbitration agreement was unenforceable; (2) the award exceeded the scope of the arbitration agreement and (3) Frazer Ryan did not obtain a pre-arbitration order compelling arbitration.[4] None of Frazzano's arguments show the superior court erred.

### A. Frazzano Has Not Shown The Arbitration Agreement Is Unenforceable.

**¶7** Frazzano claims the arbitration agreement is unenforceable, meaning "no arbitration agreement existed." *See* A.R.S. § 12-1512(A)(5). Although the arbitration agreement appears facially valid, Frazzano argues it is unenforceable for three reasons.

**¶8** First, Frazzano argues the arbitration agreement violates public policy governing business transactions between attorneys and clients under Ethical Rule (ER) 1.8 and is therefore unenforceable. *See* Ariz. R. Sup. Ct. 42 ER 1.8. Because she did not make this specific argument to the superior court, it is waived on appeal. *See Cont'l Lighting & Contracting,*

---

[3] For the first time in her reply brief on appeal, Frazzano argues "alternatively" that her opposition was timely because she was not properly served with the application. Frazzano waived any such argument by failing to raise it with the superior court or in her opening brief. *See Snow v. Steele*, 121 Ariz. 82, 85, 588 P.2d 824, 827 (1978). Moreover, Frazzano has not factually rebutted the process server's affidavit showing personal service. *See Hilgeman v. Am. Mortg. Sec., Inc.*, 196 Ariz. 215, 219–20 ¶ 14, 994 P.2d 1030, 1034–35 (App. 2000).

[4] Frazzano's arguments made before the superior court but not made on appeal are deemed waived. *See Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167, 920 P.2d 41, 47 (App. 1996).

*Inc. v. Premier Grading & Utils., LLC*, 227 Ariz. 382, 386 ¶ 12, 258 P.3d 200, 204 (App. 2011). Moreover, on the merits, Frazzano has not shown that ER 1.8 was violated here. Furthermore, Frazzano has not shown that, under Arizona law, a violation of ER 1.8 would make an otherwise-enforceable contract unenforceable. *See* Ariz. R. Sup. Ct. 42 ER Preamble [20] ("Violation of [an ER] . . . should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached."). Accordingly, Frazzano has not shown that any purported violation of ER 1.8 makes the arbitration agreement unenforceable.[5]

¶9        Second, Frazzano argues the arbitration agreement is procedurally and substantively unconscionable. *See Nickerson v. Green Valley Recreation, Inc.*, 228 Ariz. 309, 319 ¶¶ 21–23, 265 P.3d 1108, 1118 (App. 2011) (noting procedural unconscionability focuses on "the parties' bargaining posture or process" whereas substantive unconscionability focuses on whether "'contract terms [are] so one-sided as to oppress or unfairly surprise an innocent party'"). Frazzano, however, had independent counsel who advised her to sign the agreement, and has not shown how the bargaining process leading up to her doing so was procedurally unconscionable. *See id.* Frazzano argues the arbitration agreement is substantively unconscionable because it "creates an arbitration process with no standards or procedures." However, it was Frazzano's failure to respond to Frazer Ryan's efforts to invoke the State Bar Fee Arbitration Program (which has detailed procedures Frazzano has not challenged) that created any such lack of guidance. Similarly, although Frazzano challenges as substantively unconscionable the arbitration agreement's terms allowing Frazer Ryan to select a retired judge, she made no objection to Frazer Ryan's selection and that selection was necessitated by Frazzano's decision not to participate in the State Bar Fee Arbitration Program. Accordingly, Frazzano has failed to show the agreement's terms

_____

[5] To the extent Frazzano argues in her reply brief that public policy independent from an ER 1.8 violation renders the agreement unenforceable, this argument is waived. *Hunnicutt Constr., Inc. v. Stewart Title & Trust of Tucson No. 3496*, 187 Ariz. 301, 307, 928 P.2d 725, 731 (App. 1996). Moreover, Frazzano has not shown that enforcement of the agreement would be contrary to public policy. *See 1800 Ocotillo, LLC v. WLB Grp., Inc.*, 219 Ariz. 200, 202 ¶ 8, 196 P.3d 222, 224 (2008) ("[C]ourts should rely on public policy to displace the private ordering of relationships only when the term is contrary to an otherwise identifiable public policy that clearly outweighs any interests in the term's enforcement.").

were "'so one-sided as to oppress or unfairly surprise an innocent party.'" *Id.* at 319 ¶ 23, 265 P.3d at 1118 (citation omitted).[6]

¶10 Third, Frazzano claims the arbitration agreement is unenforceable based on her lack of capacity. Although Frazzano has the burden to show such a claim "by clear and convincing evidence," she has offered no evidence showing that her "mental abilities [were] so affected as to render [her] incapable of understanding the nature and consequences of [her] acts" when she signed the agreement. *Hendricks v. Simper*, 24 Ariz. App. 415, 418, 539 P.2d 529, 532 (1975) (citation omitted).[7]

### B. Frazzano Has Not Shown That The Award Exceeded The Scope Of The Arbitration Agreement.

¶11 Frazzano argues the award exceeded the scope of the arbitration agreement because the arbitrator divided arbitration fees and costs, which were not expressly provided for in the arbitration agreement. By statute, "*[u]nless otherwise provided in the agreement to arbitrate*, the arbitrators' expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, *shall be paid as provided in the award*." A.R.S. § 12-1510 (emphasis added). Frazzano cites to no provision in the arbitration agreement precluding such an allocation of arbitration fees and costs, and the court has found none.

¶12 Frazzano also argues the arbitration agreement required private arbitration to conform to the State Bar Fee Arbitration Program procedures. Because Frazzano did not make this specific argument to the superior court, it is waived. *See Premier Grading & Utils.*, 227 Ariz. at 386 ¶ 12, 258 P.3d at 204. Even absent waiver, Frazzano has not shown that the

---

[6] Similarly, Frazzano has not shown that the arbitration agreement "lacks mutual consent because of ambiguity" about procedures to be used for private arbitration using a retired judge.

[7] In her reply on appeal, Frazzano asks this court to review her motion to set aside the award and related documents as support for her argument that she lacked capacity. Because she did not raise this issue in her opening brief, it is waived. *See Schabel*, 186 Ariz. at 167, 920 P.2d at 47. Even absent waiver, Frazzano's motion and related documents reveal no evidence that she lacked capacity when she signed the agreement. Consequently, this court denies her alternative request for additional briefing on this issue.

agreement required private arbitration to use the procedures prescribed by the State Bar Fee Arbitration Program.

### C. Frazer Ryan Was Not Required To Obtain An Order Compelling Arbitration.

¶13 Frazzano argues the award was void because Frazer Ryan did not obtain a pre-arbitration order compelling arbitration. Frazzano contends the "implicit requirement" of A.R.S. § 12-1502(A) is that the party seeking arbitration *must* seek an order to compel arbitration whenever an opposing party refuses to arbitrate so the court can make a pre-arbitration decision about the validity of the arbitration agreement. *Brake Masters Sys., Inc. v. Gabbay* rejected such an argument, stating that "[a]lthough [A.R.S.] § 12-1502(A) allows a party attempting to arbitrate to seek a court order determining arbitrability and compelling the other party to arbitrate, this section does not require the party attempting to arbitrate to do so." 206 Ariz. 360, 363 ¶ 6, 78 P.3d 1081, 1084 (App. 2003). Nor has Frazzano supported her argument that *Brake Masters'* interpretation of A.R.S. § 12-1502(A) renders that provision superfluous. Indeed, as *Brake Masters* recognized, requiring the party seeking arbitration to obtain "a pre-arbitration judicial determination of arbitrability" would render superfluous two of the grounds for opposing confirmation of the award after issuance. 206 Ariz. at 363 ¶ 6, 78 P.3d at 1084 (citing A.R.S. § 12-1512(A)(3), (5)). Moreover, Frazzano had a pre-arbitration opportunity to challenge the validity of the arbitration agreement by seeking a stay in superior court, *see* A.R.S. § 12-1502(B), but failed to do so.

## CONCLUSION

¶14 The superior court's judgment confirming the arbitration award is affirmed. Because Frazzano is not the prevailing party on appeal, her request for attorneys' fees and costs on appeal is denied. Frazer Ryan is awarded its costs on appeal contingent upon compliance with Arizona Rule of Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
FILED : ama

7