NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

TASHA T., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, E.T., *Appellees*.

No. 1 CA-JV 17-0068
FILED 8-1-2017

Appeal from the Superior Court in Yuma County
No. S1400JD20150416
The Honorable Mark W. Reeves, Judge

**AFFIRMED**

COUNSEL

Office of the Legal Defender, Yuma
By William P. Katz
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Ashlee N. Hoffmann
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Kenton D. Jones joined.

---

**W I N T H R O P**, Judge:

¶1         Tasha T. ("Mother") appeals the juvenile court's order severing her rights to E.T. ("the child").  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2         Mother, who has a history of drug abuse, gave birth to the child in August 2015.  At the time, Mother had eight other children, three of whom lived with their father in Tennessee, and five of whom were in the custody of the Department of Child Safety ("DCS") in Arizona.[1]  DCS took the child into custody following her birth and offered Mother an array of services, including substance abuse treatment, urinalysis testing, supervised visitation, parenting classes, and individual and family therapy.  In April 2016, the juvenile court ordered the child dependent as to Mother.[2]  DCS continued to offer Mother services, but Mother did not consistently participate and tested positive for drugs on multiple occasions.  At some point thereafter, DCS learned that Mother was pregnant with her tenth child and had plans to deliver the child outside of Arizona so DCS would not find out.

¶3         Later that year, Mother failed to appear at a permanency planning hearing.  The court found no good cause for her failure to appear,

---

[1]     Mother's rights to the five children that were in the custody of DCS at that time were severed in 2016, and this court affirmed the severance order in May 2017.  *See Tasha T. v. DCS, et al.*, 2017 WL 2189504, No. 1 CA-JV 16-0300 (App. May 18, 2017).

[2]     The juvenile court also ordered the child dependent as to her father and subsequently severed his rights as to the child.  Father is not a party to this appeal.

that she had been noncompliant with the case plan, and that she had substantially and willfully neglected to participate in the services DCS offered her. The court ordered DCS to discontinue services and file a motion for termination, and set the initial severance hearing for January 4, 2017. The court also provided Mother's counsel with a Form 3 notice for Mother to read, sign, and return to the court.[3]

¶4　　　　DCS moved to terminate Mother's parental rights for substance abuse under Arizona Revised Statutes ("A.R.S.") § 8-533(B)(3) (Supp. 2016); for nine- and fifteen-month out-of-home placement under A.R.S. § 8-533(B)(8)(a) and (c); and for having had parental rights to another child terminated within the preceding two years for the same cause under A.R.S. § 8-533(B)(10). The day before the initial severance hearing, Mother moved to appear telephonically, stating she was in Georgia and was unable to attend in person. The court issued an order permitting Mother to appear telephonically.

¶5　　　　On the day of the hearing, Mother did not appear in person or telephonically. Mother's counsel stated that Mother had planned to travel to Georgia for a separate dependency hearing scheduled for a different child, but counsel was not sure when that hearing was. DCS case manager Karina Miranda indicated she had been in contact with Mother several weeks earlier, and the court requested testimony from Miranda on the issue of Mother's whereabouts. Miranda testified that Mother told her she was moving to Georgia and requested "a final visit" with the child. Miranda also stated that Mother's dependency hearing in Georgia was scheduled for January 11, 2017. On cross examination, the child's guardian *ad litem* asked Miranda, "[D]id the mother give you any indication that the last time she went to Georgia, it was to avoid [her tenth] child being taken into care at [DCS]?" Mother's counsel objected based on relevancy, and the court overruled the objection. Miranda testified that Mother had "indicated that the baby would be taken away if she had the baby here in Yuma."

¶6　　　　The court found no good cause for Mother's failure to appear and proceeded with the severance hearing in Mother's absence. After

---

[3]　　Form 3 ("Notice to Parent in Termination Action") explains that, absent a showing of good cause, parents in termination actions are "required to attend all termination hearings." Ariz. R.P. Juv. Ct. Form 3. The form further advises that, in the event of a parent's failure to appear, the court may deem that parent's legal rights waived and proceed with the termination hearing in that parent's absence. *Id.*

hearing further testimony from Miranda, the court terminated Mother's rights to the child. Mother moved to reconsider the court's ruling on her failure to appear and requested the court reset the initial severance hearing. The court denied Mother's motion and, a week later, entered a signed order stating its findings of fact and conclusions of law regarding the severance. Mother timely appealed, and this court has jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9; A.R.S. § 8-235(A) (2014); and Arizona Rule of Procedure for the Juvenile Court ("Rule") 103(A).

## ANALYSIS

I.    *Mother's Failure to Appear*

¶7    Mother argues the juvenile court erred in determining she failed to appear at the initial severance hearing without good cause and in denying her motion for reconsideration on that issue.[4]  We review the juvenile court's finding regarding good cause for an abuse of discretion. *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15, 158 P.3d 225, 230 (App. 2007).

¶8    Rule 65(C)(6)(c) provides that if a parent fails to appear at an initial termination hearing "without good cause shown," the court may proceed with the adjudication of termination based upon the record and evidence presented.  "In order to show good cause, the moving party must show that (1) mistake, inadvertence, surprise or excusable neglect exists and (2) a meritorious defense to the claim exists." *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶ 16, 173 P.3d 463, 468 (App. 2007) (citing *Richas v. Superior Court*, 133 Ariz. 512, 514, 652 P.2d 1035, 1037 (1982)). Mother first argues that her failure to appear constitutes excusable neglect because she was "confronted with two closely scheduled court hearings in separate matters in separate States" and she "attempted to attend both [hearings] using the limited means available to her at the time."  But the

---

[4]    DCS contends this court lacks jurisdiction to consider Mother's arguments in this regard because Mother's notice of appeal states only that she is appealing the juvenile court's January 27 order terminating her rights to the child, not that she is challenging the juvenile court's order finding no good cause and subsequent denial of her motion for reconsideration. However, "when [a] notice of appeal is filed, it encompasses all previous orders entered by the juvenile court." *In re Eric L.*, 189 Ariz. 482, 484, 943 P.2d 842, 844 (App. 1997).  Accordingly, we conclude we have jurisdiction to consider Mother's arguments.

court granted Mother's request to appear telephonically and Mother did not do so. Although Mother asserts that she attempted to call the court on the day of the hearing, there is no affidavit from her in that regard, and the only evidence she submitted of this alleged attempt is a "screen shot" from her phone of an outgoing call to the court. The "screen shot" does not indicate the date of the call. Additionally, Mother submitted no proof of the date of her other hearing in Georgia, and Miranda testified during the initial severance hearing that the Georgia hearing was scheduled for January 11, several days after the severance hearing in Arizona. Finally, we again note that, in December 2016, the juvenile court gave Mother's counsel a Form 3 notice, informing Mother that she was "required to attend all termination hearings."[5] We therefore conclude the court did not err in finding no good cause existed for Mother's failure to appear.[6]

## II. Denial of Motion for Reconsideration

¶9 Mother next argues the juvenile court erred in denying her motion for reconsideration without granting an evidentiary hearing. We review the juvenile court's denial of a motion for reconsideration for an abuse of discretion. *Tilley v. Delci*, 220 Ariz. 233, 238, ¶ 16, 204 P.3d 1082, 1087 (App. 2009).

¶10 Mother contends the juvenile court's denial of her motion without granting an evidentiary hearing "inhibited and precluded [her] from establishing the necessary elements of what her presentation of a meritorious defense would be[.]" But Mother had the opportunity in her motion to at least outline her meritorious defense, and failed to do so. Moreover, the court is not required to hold an evidentiary hearing if "the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *See Brake Masters Sys., Inc. v. Gabbay*, 206 Ariz. 360, 365, ¶ 14, 78 P.3d 1081, 1086 (App. 2003). Accordingly, the juvenile court did not err

---

[5] Mother was aware of the consequences for failing to appear, as she had previously signed another Form 3 notice in open court during a hearing in November 2015.

[6] Because we conclude no good cause existed for Mother's failure to appear, we need not address whether she had a meritorious defense to the severance petition.

in denying Mother's motion for reconsideration without holding an evidentiary hearing.

### III.     Admission of Testimony Pertaining to Mother's Trip to Georgia

¶11         Mother argues the juvenile court erred in admitting testimony about Mother's purpose of traveling to Georgia to deliver her tenth child. We review a trial court's ruling on the admission of testimony for an abuse of discretion. *Selby v. Savard*, 134 Ariz. 222, 227, 655 P.2d 342, 347 (1982). However, absent fundamental error, objections raised for the first time on appeal are waived. *Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 239, ¶ 15, 282 P.3d 437, 440 (App. 2012) (noting that the doctrine of fundamental error is rarely used in civil cases, but has been applied in severance cases "[b]ecause of the constitutional ramifications inherent in termination proceedings").

¶12         Mother asserts Miranda's testimony pertaining to the alleged purpose of Mother's previous trip to Georgia was irrelevant, improper character evidence, not fully disclosed, unfairly prejudicial, and a violation of her due process rights pursuant to Rule 66(D). Because Mother objected in the juvenile court solely based on relevancy, she has waived her claims that the testimony was inadmissible based on other grounds, absent fundamental error. *See id.*

¶13         Mother was aware of the consequences of failing to appear at hearings without good cause. And, although the court granted Mother permission to participate in the initial severance hearing by phone, Mother did not do so. Further, although Mother had indicated in her January 3 motion to appear telephonically that she was already in Georgia, Mother's counsel stated at the hearing on January 4 that she did not know whether Mother was in Georgia or Arizona. Miranda's knowledge of Mother's whereabouts, including the testimony pertaining to Mother's reasons for traveling to Georgia in the past, was therefore relevant to the court's determination of whether there was good cause for Mother's failure to appear. Accordingly, we find no error in the juvenile court's admission of the testimony.

### IV.     Statutory Grounds for Severance and Best Interest of the Child

¶14         Mother argues that the juvenile court erred in finding DCS proved by clear and convincing evidence that termination was warranted for substance abuse under A.R.S. § 8-533(B)(3); for nine- and fifteen-month out-of-home placement under A.R.S. § 8-533(B)(8)(a) and (c); and for having had parental rights to another child terminated within the preceding two

years for the same cause under A.R.S. § 8-533(B)(10).  Mother also argues the juvenile court erred in concluding the best interest of the child would be served by termination of Mother's parental rights.

**¶15**        We review a juvenile court's order severing a parent's rights for an abuse of discretion.  *Frank R. v. Mother Goose Adoptions*, 239 Ariz. 184, 190, ¶ 21, 367 P.3d 88, 94 (App. 2016).  We will not disturb the juvenile court's severance order unless there is no reasonable evidence to support its findings.  *Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377, ¶ 2, 982 P.2d 1290, 1291 (App. 1998).

**¶16**        A.R.S. § 8-533(B)(3) provides that the juvenile court may sever parental rights where the parent "is unable to discharge parental responsibilities because of . . . a history of chronic abuse of dangerous drugs, controlled substances or alcohol and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period."  In this case, Mother has a history of substance abuse and tested positive for methamphetamine while pregnant with the child.  In the months following the child's birth, Mother tested positive for opiates and methamphetamine.  Mother also stopped attending substance abuse group sessions and did not consistently attend individual therapy sessions.  Throughout 2016, Mother continued to test positive for drugs.  Mother indicated she wanted to enter a residential treatment facility; however, when a bed was approved for her, she did not go.  In September 2016, the juvenile court ordered Mother to participate in twice-weekly drug testing, but Mother did not submit to a single test.  Two months later, after finding Mother "substantially and willfully neglected to participate in services," the juvenile court ordered DCS to discontinue the services.  Reasonable evidence therefore supports the juvenile court's order terminating Mother's parental rights to the child on the ground of chronic substance abuse, and the juvenile court did not abuse its discretion.[7]

**¶17**        In addition to finding statutory grounds for termination, A.R.S. § 8-533(B) requires the juvenile court to consider the best interest of

---

[7]        Because the record supports the juvenile court's order severing Mother's parental rights due to chronic substance abuse, we do not address Mother's arguments on other statutory grounds.  *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3, 53 P.3d 203, 205 (App. 2002) ("If clear and convincing evidence supports any one of the statutory grounds on which the juvenile court ordered severance, we need not address claims pertaining to the other grounds.").

the child in making a severance determination. In making its determination, the court may consider factors such as whether there is the immediate availability of an adoptive placement and whether an existing placement is meeting the needs of the child. *Audra T.*, 194 Ariz. at 377, ¶ 5, 982 P.2d at 1291. In this case, Miranda testified that the child's foster home was meeting the child's physical, social, educational, medical, psychological, and emotional needs, and that the foster parents were willing to adopt the child. Miranda also testified that the child would benefit from having Mother's parental rights terminated because the child would be provided with permanency, stability, "and a loving home environment where all her needs are being met." Miranda's testimony supports the juvenile court's finding that severance was in the best interest of the child. Accordingly, we find no abuse of discretion.

**CONCLUSION**

**¶18** The juvenile court's order severing Mother's rights to the child is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA