NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

LETICIA DIAZ RODRIGUEZ, *Plaintiff/Appellee*,

*v.*

LUIS CARLOS RODRIGUEZ, *Defendant/Appellant*.

No. 1 CA-CV 24-0590

FILED 02-25-2025

---

Appeal from the Superior Court in Maricopa County
No. CV2023-012977
The Honorable Bradley H. Astrowsky, Judge

**AFFIRMED**

---

COUNSEL

Leticia Diaz Rodriguez, Phoenix
*Plaintiff/Appellee Pro Se*

Luis Carlos Rodriguez, Phoenix
*Defendant/Appellant Pro Se*

---

**MEMORANDUM DECISION**

---

Vice Chief Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Chief Judge David B. Gass joined.

---

**H O W E**, Judge:

**¶1**          Luis Carlos Rodriguez appeals from the superior court's confirmation of an arbitration award against him and in favor of Leticia Diaz Rodriguez. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**          Luis is a buyer-and-seller of cars (because the parties share a last name, we refer to them by first name). In August 2023, Luis sold Leticia a 2016 Nissan Rogue for $9,500. After experiencing mechanical issues, Leticia brought the car to two vehicle repair shops. They both told her the Rogue needed a new transmission. Leticia sued Luis for fraud, seeking reimbursement of the purchase price. She then moved to compel arbitration on the ground that the amount of money in controversy did not exceed $50,000, and no other affirmative relief was sought.

**¶3**          The superior court found the action subject to compulsory arbitration under Arizona Rule of Civil Procedure 72 and appointed an arbitrator. Both parties were present and testified at the arbitration on February 7, 2024. Leticia also provided documentary evidence. At the hearing, Luis acknowledged the defect and agreed within 45 days to repossess the vehicle, to return the vehicle after repairing or replacing the transmission, and to compensate Leticia $100 per month until the vehicle was returned.

**¶4**          After Luis failed to make the repairs or compensate Leticia, the arbitrator entered a notice of decision and arbitration award on April 25, 2024, finding:

> (i) Defendant was a 'merchant' in the business of buying and selling vehicles like the Vehicle, (ii) the Vehicle was subject to a material transmission defect on the date of sale, (iii) Defendant knew or should have known of the defect, (iv) Defendant possessed a duty to disclose and failed to disclose

the defect, (v) Defendant's advertisements relating to the Vehicle were false and misleading, (vi) the defect was material and deprived Plaintiff of the use of the Vehicle, and (vii) the cost to repair the defect would be approximately $6,750.00.

Accordingly, the arbitrator awarded Leticia $9,000 in compensatory damages for repairs to the vehicle and its loss of use.

**¶5**        Leticia moved for judgment on the award, and Luis responded with a motion titled, "Civil Lawsuit Movement," on May 24, 2024, that challenged the arbitrator's findings. The court found the "Civil Lawsuit Movement" was not a proper filing and untimely if it served as a notice of appeal from the award. The court therefore confirmed the award. Luis timely appealed, and we have jurisdiction. A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶6**        On appeal, Luis argues that he fixed the transmission and compensated Leticia $100 and that he did not have an opportunity to present evidence. Leticia did not file an answering brief. If an appellant's opening brief and the record reveal a debatable question raised by the appeal, "and no reasonable excuse for appellee's failure to file a brief is shown, we assume the latter confesses error." *Navarro v. State*, 32 Ariz. 119, 120–21 (1927). However, because Luis's brief and this record demonstrate no debatable issues on appeal, "[i]n the exercise of our discretion, we decline to treat her failure to file an answering brief as a confession of error." *Michaelson v. Garr*, 234 Ariz. 542, 544 ¶ 4 n.3 (App. 2014).

**¶7**        On appeal, we review a superior court's confirmation of an arbitration award for an abuse of discretion. *Brake Masters Sys., Inc. v. Gabbay*, 206 Ariz. 360, 364 ¶ 12 n.3 (App. 2003). We review matters of statutory construction de novo. *Id.* at 363 ¶ 4. Judicial review of arbitration awards is severely limited. *Atreus Cmtys. Grp. of Ariz. v. Stardust Dev., Inc.*, 229 Ariz. 503, 506 ¶ 13 (App. 2012).

**¶8**        Any party who appears and participates in a compulsory arbitration may appeal the arbitration award to the superior court. Ariz. R. Civ. P. 77(a). To appeal an award, a party must file a notice of appeal no later than 20 days after the award is filed. Ariz. R. Civ. P. 77(b).

**¶9**        Luis did not timely appeal the award to the superior court. The arbitrator filed the award on April 25, 2024, but Luis did not file his "Civil Lawsuit Movement" until May 24, 2024, outside the 20-day window

required by Rule 77(b). Further, even if Luis's filing was timely, A.R.S. § 12-1512(A) limits the grounds on which a party may oppose an award. Luis's motion disagreed with the arbitrator's findings but did not allege any of the statutory grounds such as corruption, evident partiality, or excess of powers. *See* A.R.S. § 12-1512(A). The superior court therefore did not abuse its discretion by confirming the award.

## CONCLUSION

¶10        We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR